**SCROFANI et al.**

v.

**MIAMI RARE BIRD FARM, Inc.**

**THE ADMIRAL.**

**No. 14535.**

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1953.

Arthur Roth, Miami, Fla., for appellant.

Jonathan E. Ammerman, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

This appeal in Admiralty is from a final order of the United States District Court for the Southern District of Florida dismissing libels in rem for seamen's wages filed against the Gas Screw Admiral by Richard E. Martin and Robert Scrofani. Prior to the day on which the case was set for argument in this court

7. Cf. Commissioner of Internal Revenue v. Smith, 2 Cir., 203 F.2d 310, 311.

and in conformity with local Rule 20 [1] the case was dismissed as to Scrofani and accordingly we are concerned only with the appeal of Martin.

On October 17, 1952, and prior to the institution of the present cause the Admiral was named as a respondent in an in rem proceeding filed by Miami Rare Bird Farm, Inc., appellee herein, to foreclose a preferred ship mortgage against the vessel. While the complete record of this proceeding is not before us it does appear from appellee's pleadings that agreeable to the prayer for process the Admiral was forthwith attached and taken into custody by the marshal at Miami, Florida; and that during the period October 17, 1952, through October 23, 1952, there was posted aboard the vessel a notice which "announced to the world the claim of the libellant and that said vessel would be sold to satisfy said claim." Thereafter, a default decree was entered and on November 18, 1952, the District Court entered a judgment for appellee in the sum of $4,576.51 and decreed that the vessel be sold at public outcry and that appellee should be permitted to bid the amount of its judgment without the necessity of depositing said sum in cash as its bid. The sale of the Admiral was advertised in a local newspaper on November 21 and 26, 1952, and on December 1, 1952, the vessel was sold by the marshal pursuant to the court's decree. Appellee's bid of $1,500.-00 was accepted by the marshal and as permitted by the decree the cash amount of its bid was not paid into the registry of the court.

On the day following the sale, appellant and Robert Scrofani separately intervened [2] in the mortgage foreclosure proceeding in the justifiable [3] belief that there were proceeds of the vessel in the registry of the court to satisfy their wage claims. Appellee filed exceptions to these claims. These exceptions recited that the seamen were employed on the Admiral at the time of her seizure on October 17, 1952; that from the date of seizure until October 23, 1952, the vessel continuously remained moored at her original place of docking and on and between these dates the aforementioned notice of claim was posted on the vessel; that during this period and up to and including December 2, 1952, the seamen made no effort or took no steps to intervene in the cause to establish and verify their claims but sat by and permitted the appellee to petition for and the court to enter decrees pro confesso against the Admiral and the owners thereof, and at no time subsequent to the seizure did they place appellee on notice of their claims. Further, that there were no remnants and surplus in the registry of the court and consequently there was nothing in the possession of

---

1. Rule 20 of the rules of this court provides:

"Whenever the appellant and appellee in an appeal, pending in this court, shall by their attorneys of record sign and file with the clerk an agreement in writing directing the case to be dismissed, and specifying the terms on which it is to be dismissed, as to costs, and shall pay to the clerk any fees that may be due to him, it shall be the duty of the clerk to enter the case dismissed, and to give to either party requesting it a copy of the agreement filed; but no mandate or other process shall issue without an order of the court."

2. Rule 42 of the Admiralty Rules, 28 U.S. C.A., provides:

"Any person having an interest in any proceeds in the registry of the court shall have a right, by petition and summary proceedings, to intervene pro interesse suo for delivery thereof to him, and on due notice to the adverse parties, if any, the court shall and may proceed summarily to hear and decide thereon, and to decree therein according to law and justice. * * * "

3. Rule 40 of the Admiralty Rules, 28 U.S. C.A., provides:

"All sales of property under any decree of admiralty shall be made by the marshal or his deputy, or other proper officer assigned by the court, where the marshal is a party in interest, in pursuance of the orders of the court; and the proceeds thereof, when sold, shall be forthwith paid into the registry of the court by the officer making the sale, to be disposed of by the court according to law."

the court to which the claims could attach. The relief prayed was that the claims be denied and stricken from the record for the reason that the seamen had been guilty of laches. Without passing on the merits of the seamen's claims the court on January 6, 1953, confirmed the sale to appellee and ten days thereafter it sustained appellee's exceptions and dismissed the petitions of intervention.

On the next succeeding day appellant filed a libel in rem against the Admiral for mariners' wages allegedly due him, and on January 19, 1953, Scrofani filed a similar libel. In each case the relief prayed was that process in due form of law may issue against the Admiral, her engines, etc.; that the vessel may be condemned and sold to pay the amount due the libellant with costs; and that libellant have such other and further relief as in law and justice he may be entitled to receive. The usual process issued out of the court, the vessel was attached and taken into custody by the marshal at Miami, Florida, and due notice was given by publication that all persons interested must appear and file written claim, answer or other defense on or before the day when process was returnable or default and condemnation would be ordered. Upon the return day, no person appeared or interposed a claim to the vessel and the court on motion of proctor for the libellants ordered that defaults be entered against all persons who had not appeared and filed claims. A hearing was thereupon had upon the verified libels and supporting affidavits and decrees were entered awarding the seamen the mariners' wages which they claimed. On February 17, 1953, the court entered an order consolidating the libels and ordered the clerk to issue a writ of venditioni exponas to the marshal for the sale of the vessel. Thereafter, the appellee filed a motion to vacate the decrees pro confesso and for an order of stay of marshal's sale but before a hearing was had upon this motion the marshal sold the vessel at public outcry to parties who are strangers to this proceeding. On March 4, 1953, the court entered a nunc pro tunc order as of February 26th setting aside the default decrees which it had previously entered in favor of the seamen as well as the order of sale and further ordered that appellee file its answers to the libels. On the same day and on motion of the appellee the court vacated the marshal's sale on the grounds that the highest and best bid of $145 was grossly inadequate; that the rights of the libellants and appellee would be grossly prejudiced by the confirmation of the sale; and that the interest of no one would be damaged or prejudiced by having it vacated and set aside.

Following the entry of these orders appellee filed exceptions to the libels and urged: (1) that the claims of the libellants had been fully adjudicated by the court and should be denied and dismissed under the doctrine of res judicata; and (2) that the claims were not within the jurisdiction of the court in that the claims were filed subsequent to an order confirming the sale in the foreclosure proceeding which vested good and sufficient title in appellee. After hearing argument of counsel the court entered its final order sustaining the exceptions and dismissed the libels with prejudice. This appeal followed.

The first question presented is whether the order entered in the mortgage foreclosure proceeding dismissing appellant's petition of intervention constitutes a bar to his subsequent libel on the principles of res judicata. An examination of this order does not disclose that the court did other than to order that "the libellant's exceptions to the claim * * * of Richard E. Martin, be and the same are [is] hereby sustained; and * * * that the claim * * * of Richard E. Martin, filed against the proceeds of the sale of the Gas Screw 'Admiral' be and the same is hereby denied and dismissed." No reasons were given as to the ground upon which the court acted and there is nothing to indicate whether the court relied upon appellee's contention that

appellant was guilty of laches or its further contention that there were no remnants and surplus in the registry of the court to which the wage claim could attach. It does not even appear that the court based its decision on either of these contentions since appellee raised the further argument that to permit the claim to attach to the vessel in rem would be to appellee's great and irreparable damage and prejudice and this may have been one of many reasons why the proceedings in the District Court were dismissed. We cannot therefore say that the decision is res judicata as to any rule of law relied upon by appellee. Nor is it necessary to labor the point for we think that the rule enunciated in West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654, 661, certiorari denied 311 U.S. 718, 61 S. Ct. 441, 85 L.Ed. 467, is applicable to the facts of our case and effectively disposes of appellee's argument. The court in that case said: "Where a number of grounds for dismissal of an action are urged, an order of a court simply that the cause be dismissed, without an indication as to the ground upon which the court acted, cannot be res judicata of all possible grounds for such order."

■ Nor may the order dismissing the present libel be sustained on the ground that the order confirming the mortgage foreclosure sale vested in appellee a good title and foreclosed appellant's maritime lien for wages. In advancing this sweeping contention appellee does not rely as in the first proceeding upon any alleged laches on the part of appellant or the absence of funds in the court's registry but upon the wholly different ground that a sale under a decree in rem is a complete divestiture of prior liens. This argument completely overlooks the fact that at the time appellant intervened the sale had not been confirmed and appellant was properly in court and was entitled to assert his lien against the proceeds which the court should have made available to appellant under the circumstances of that case. See The East Hampton, 2 Cir.,

48 F.2d 542. When appellant intervened and at all times subsequent thereto appellant had a substantial claim for wages and was entitled to the status of a preferred maritime lien as against a valid mortgage. U.S.C.A. title 46, § 953. Neither the appellee nor the court seem to have recognized this principle despite the fact that the doctrine of priority of seamen's wages is established beyond question. The Eastern Temple, 4 Cir., 94 F.2d 374, 376; The Samuel Little, 2 Cir., 221 F. 308. It follows from the foregoing that appellant is entitled to have his day in court to establish his claim. The order dismissing the libel is accordingly reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.