578 So.2d 191 (1991)
The BOARD OF LEVEE COMMISSIONERS of the ORLEANS LEVEE DISTRICT
v.
NEWPORT LIMITED, a Partnership in Commendam.
No. 90-CA-1490.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1991.
Rehearing Denied May 9, 1991.
*192 Richard J. McGinity, Gen. Counsel, The Bd. of Com'rs of the Orleans Levee Dist., New Orleans, for plaintiff/appellee.
M. Arnaud Pilié, Pilié, Pilié and Landry, New Orleans, for defendant/appellant.
Before BARRY, WILLIAMS and BECKER, JJ.
BARRY, Judge.
This Court previously considered the lengthy facts underlying this expropriation suit. Board of Levee Commissioners v. Newport Limited, 517 So.2d 406 (La.App. 4th Cir.1987), writs denied 521 So.2d 1151, 1152 (La.1988).
In summary, on December 13, 1985 the Orleans Levee Board sued Newport Enterprises and Newport Limited (Newport) pursuant to La.R.S. 38:351, et seq. to acquire title to 25.77 acres on which the Board had constructed a channel and flood control structure in 1974. The Board deposited $113,388 in the Court's registry as the value of the property and $33,176 for severance damages to an adjoining 15.08 acre tract. Newport withdrew the funds and filed a reconventional demand for additional compensation. The Board moved to dismiss the entire proceeding on the basis that the right to compensation was a personal right of Newport's ancestor in title which Newport did not acquire when it purchased the property. The Board also claimed that it had acquired the property by prescription. The trial court characterized the Board's motion to dismiss as exceptions of no right of action and prescription. After a hearing before a Commissioner the trial court granted the exceptions and dismissed the suit.
This Court agreed that the claim had prescribed under R.S. 19:2.1(B) and Brooks v. New Orleans Public Service, 370 So.2d 686 (La.App. 4th Cir.1979), writ denied 373 So.2d 512 (La.1979), because the Board had occupied the property for over two years. However, the Court, sua sponte, held that the evidence overwhelmingly showed that the Board had tacitly, if not expressly, renounced its prescriptive rights, thereby creating a new obligation to compensate the land owner. 517 So.2d at 410.
This Court remanded to determine whether Newport or Seaway Land Company, Inc., Newport's ancestor in title, was entitled to additional compensation for the expropriated property and for a valuation of the land.
The matter was again referred to a Commissioner for trial. The Board amended the original petition to add Seaway and its stockholders as parties and prayed for a declaratory judgment that it was not liable for the 1971 taking; alternatively, that any liability be limited to the $146,564 deposited in court. The Board argued that renunciation of prescription is a donation prohibited under Article 7, § 14(A) of the 1974 Constitution and that renunciation of prescription by an officer of a political subdivision without specific written authority is ultra vires and invalid.
The Commissioner found that Seaway had transferred to Newport whatever compensation rights it owned. Seaway and its stockholders did not appeal.
*193 The Commissioner stated that (contrary to the reasoning of this Court) the State had no "natural obligation" to pay for property after the claim prescribed, and concluded that renunciation of prescription in favor of the land owner by the Board was a prohibited donation under Article 7 § 14(A). The Commissioner recommended that the expropriation proceeding be dismissed. In the alternative, he recommended that if Newport was entitled to compensation it should receive the same price per square foot that it paid for the land in 1984.
The trial court adopted the Commissioner's recommendation and dismissed the main and incidental demands, but did not order Newport to return the money.

LAW OF THE CASE
Newport argues that the trial court erred by refusing to treat our 1987 opinion (writs denied) as "the law of the case" and by overruling Newport's exceptions to the Board's Supplemental and Amending Petition for Declaratory Judgment.
The "law of the case" is a policy by which an appellate court will not, on a subsequent appeal, re-consider its earlier ruling in the same case. That policy applies against those who were parties to the case when the prior decision was rendered and who had their day in court. Some reasons for applying the policy are: avoiding indefinite re-litigation of the same issue; obtaining consistent results in the same litigation; fairness to both parties; and affording one opportunity for argument and decision of the matter at issue. Gay v. Campbell-Grosjean Roofing & Sheet Metal Corp., 256 So.2d 105 (La.1971); Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973). The law of the case policy is discretionary.
We find it unnecessary to consider Newport's argument as to our prior decision. We reach the same result because we conclude that the 1985 expropriation suit constituted a separate taking not barred by prescription.

THE 1985 EXPROPRIATION
Assuming, arguendo, that the Board did not renounce prescription, on December 13, 1985 (date of the expropriation petition) the property was subject to a Levee Board servitude for the flood control structure and the landowner's right to compensation for the servitude had prescribed. La.R.S. 19:14 and 19:2.1(B). Newport was the record owner of the underlying property.
On that date the Board expropriated the property pursuant to a resolution of its Commissioners. The filing of the expropriation petition vested fee simple title to the 25.77 acres in the Board and the right of compensation to Newport. La.R.S. 38:355. That acquisition was a separate taking from the previously acquired servitude. Newport's right to be compensated for its fee simple interest had not prescribed.

VALUATION
Newport assigns numerous errors as to valuation. Essentially, it claims that the trial court did not follow statutory procedures to determine just compensation.
Newport relies on R.S. 38:387 which provides in pertinent part:
A. The measure of compensation for the property expropriated is determined as of the time the estimated compensation was deposited into the registry of the court without considering any change in value caused by the proposed improvement for which the property is expropriated.
B. The measure of damages, if any, to the defendant's remaining property is determined on a basis of immediately before and immediately after the expropriation taking into consideration the effects of the completion of the project in the manner proposed or planned.
C. The owner shall be compensated to the full extent of his loss.
If Section 387 is applicable, Newport is entitled to receive the value of the property as of December 13, 1985, the date the Levee Board deposited funds into court.
*194 Section 387(A) applies when a levee district expropriates property prior to constructing an improvement on the property. It does not refer to an expropriation after a project is completed.
In this instance, the Levee Board obtained possession of the property in 1971 and completed the flood control structure in 1974, eight years prior to Newport's purchase of the property and eleven years before filing this suit.
The flood control structure is a 25.77 acre channel which severs 15.08 acres from the remainder of Newport's 697.99 acre tract. Newport's purchase price obviously reflected the fact that the channel could not be developed and the 15.08 acre section was accessible only by water.
We find no basis for Newport to claim damages for construction of the channel. State Dept. of Highways v. Bitterwolf, 415 So.2d 196 (La.1982). Nevertheless, Newport must be compensated for the expropriation of its fee simple interest. LSA-Const. Art. 1, § 4 and Art. 6, § 42.
We look to general statutory provisions on expropriation to determine the proper valuation date. R.S. 19:14 provides in pertinent part:
In any case where the state or its political corporation or subdivision has actually, in good faith believing it had authority to do so, taken possession of privately owned immovable property of another, and constructed facilities upon, under or over such property with the consent or acquiescence of the owner of the property, such owner shall be deemed to have waived his right to contest the necessity for the taking and to receive just compensation prior to the taking, but he shall be entitled to bring an action for such compensation, to be determined in accordance with the provisions of Section 9 of this Title, for the taking of his property or interest therein, the just compensation to be determined as of the time of the taking of the property, or right or interest therein, and such action shall proceed as if the state, its political corporation or subdivision had filed a petition for expropriation as provided for in Section 2.1 of this Title.
Section 14 refers to R.S. 19:9 to determine the compensation for property on which the State or its political corporation or subdivision has constructed facilities with the consent or acquiescence of the owner.
R.S. 19:9 provides in pertinent part:
A. In estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.
B. The owner shall be compensated to the full extent of his loss....
Newport is entitled to receive the value of the property as of May 21, 1971, the date on which Seaway granted the Board a "Right of Entry" to construct a closure dam and flood gates. A.K. Roy, Inc. v. Board of Commissioners for Pontchartrain Levee District, 238 La. 926, 117 So.2d 60 (1960); Chenevert v. La. State Dept. Hwys., 345 So.2d 960 (La.App. 4th Cir.1977); Reddel v. La. State Dept. Hwys., 340 So.2d 1010 (La.App. 4th Cir.1976). We would reach the same valuation if we proceeded under the assumption that the Levee Board had renounced its prescriptive rights.
The Board has submitted evidence that the reasonable value of the property and severance damage sustained in 1971 equals $146,564, the amount deposited when the expropriation petition was filed. Newport has not contradicted that evidence. Newport has withdrawn those funds.

ATTORNEYS FEES
Newport argues that it is entitled to reasonable attorneys fees under R.S. 38:387(E).
Section 387(E) is inapplicable because the amount deposited in court is the same sum awarded herein.
*195 The judgment of the district court is reversed. Each party is to pay its own costs.
REVERSED.