655 So.2d 747 (1995)
Arthur TOLIS and Julie Tolis
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, Allen A. Copping, Gregory M. St. L. O'Brien, University of New Orleans, David Sherman, Ron Maestri, and The Silver & Blue Club, Inc.
No. 94-CA-1444.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1995.
*749 Amelia Williams Koch, Phyllis R. Guin, Locke Purnell Rain Harrell, New Orleans, for appellant/Board of Sup'rs of Louisiana State University and Agricultural and Mechanical College.
Stephen D. Marx, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, for appellants, Gregory M. St. L. O'Brien, David Sherman, Ron Maestri and The Silver and Blue Club, Inc.
Michelle O. Lorio and Oscar L. Shoenfelt, III, Moore, Walters, Shoenfelt & Thompson, Baton Rouge, for appellees.
Before BARRY, PLOTKIN and WALTZER, J J.
PLOTKIN, Judge.
In this appeal, we are called on to determine the effect of a written judgment issued after a decision by this court on a supervisory writ application granting an exception of res judicata. The written judgment attempted to memorialize an oral judgment issued prior to the decision on the writ application. Because we find that the decision on the application for supervisory writs granting the exception of res judicata was in error under the circumstances, we vacate the granting of the exception of res judicata. Further, we amend the written judgment issued by the trial judge that is the subject of this appeal and affirm.
Facts
Plaintiff Arthur Tolis was employed as head basketball coach at the University of New Orleans (UNO) under an April 6, 1987, contract with the Board of Supervisors of Louisiana State University (Board). A dispute arose between Tolis and UNO and its representatives in the spring of 1988; that dispute resulted in the termination of Tolis's contract by written letter from defendant Ron Maestri, UNO's athletic director, to Tolis, dated March 21, 1988.
Following the termination, the parties began negotiations, seeking to avoid litigation. The Board was represented by defendants David Sherman and Gregory O'Brien during these settlement negotiations. On April 10, 1988, the parties entered a written compromise agreement. The written compromise agreement included a confidentiality clause prohibiting the parties to the agreement from revealing the terms of the agreement. The compromise also provided that any party breaching the confidentiality clause would be liable to the other party for $116,000 in liquidated damages.
Additionally, at the same time the parties entered into the written compromise agreement, they entered into an oral agreement whereby UNO promised to pay Tolis $116,000 in consideration for the written compromise agreement. Half of the agreed-upon amount, $58,000, was paid to Tolis immediately following the signing of the agreement; the other $58,000 was to be paid by April 21, 1989.
When the second $58,000 was not timely paid, the plaintiffs, Tolis and his wife, Julie, filed the instant case in state court, on May 26, 1989, claiming that the defendants failed to perform under the terms of the oral agreement. Further, the Tolises alleged that the defendants had fraudulently induced them to enter the written compromise agreement.
The defendants initially filed an exception of res judicata, claiming that the written compromise agreement was the only admissible evidence of the agreement between the parties. The exception of res judicata was denied by the trial judge on December 5, 1989, and that decision was not appealed.
In February of 1991, the plaintiffs filed another suit in federal court, claiming breach of the alleged compromise. Many of the allegations in the federal complaint were very similar to the allegations in the petition of the previously-filed state court action. However, the federal court action also included a claim for deprivation of civil rights based on misrepresentations allegedly made by the defendants during negotiation of the written compromise agreement.
The defendants answered the federal suit, then filed a motion for summary judgment. The federal court granted the motion for summary judgment on May 28, 1991, dismissing the case with prejudice. The minute entry explaining the trial judge's reasons for *750 granting the motion for summary judgment stated as follows:
This civil action is before the Court on the defendants' two motions for summary judgment.
The plaintiffs have filed no opposition. Further, by telephone, [plaintiffs' attorney's] office represented that he would not be opposing either motion and would be filing his own motion for voluntary dismissal (which the Court has not yet received).
Accordingly, and noting that the defendants' motions are all well-founded in light of the plaintiff's failure to present any evidence of a genuine dispute of material fact, the court GRANTS both motions, CANCELS the hearings thereon (previously set for May 29, 1991), and shall forthwith ENTER JUDGMENT in the defendants' favor at the plaintiffs' costs.
(Emphasis in original.)
Meanwhile, on January 28, 1991, all of the defendants except the Board filed a motion for summary judgment in the state court action. The Board filed a similar motion for summary judgment on the same grounds on September 13, 1991; the Board also filed an exception of res judicata based on the federal suit. The trial court granted the motion for summary judgment filed by the individual defendants, assigning as reasons for judgment the fact that the plaintiffs were not entitled to present parol evidence to prove that the defendants failed to fulfill the terms of the alleged oral agreement accompanying the written compromise. The trial court also granted the Board's motion, without assigning reasons for judgment. In a consolidated appeal, this court reversed both judgments, finding that parol evidence was admissible to prove the terms of the alleged oral agreement. Tolis v. Board of Supervisors, 602 So.2d 99 (La.App. 4th Cir.1992). All issues other than the parol evidence issue were pretermitted; the exception of res judicata was not addressed.
On remand to the trial court, both plaintiffs and defendants filed motions for partial summary judgment. On December 10, 1993, the trial court orally granted the motion for partial summary judgment filed by the plaintiffs; no written judgment was signed at that time. Then, on December 27, 1993, all defendants filed an exception of res judicata that was denied by the trial court on January 20, 1994. This court granted certiorari on that judgment, reviewed the trial court judgment, maintained the exception of res judicata, and dismissed the plaintiff's suit with prejudice on March 29, 1994. Tolls v. Board of Supervisors, 94-0154 (La.App. 4th Cir. 3/29/94) 635 So.2d 1349, writ denied, 94-1072 (La. 6/17/94) 638 So.2d 1101. Following this court's decision in writ number 94-C-0154 granting the exception of res judicata and dismissing the case, on May 2, 1994, the trial court signed a written judgment granting the plaintiffs' motion for partial summary judgment that had been orally granted on December 10, 1993.
Defendants appeal the May 2, 1994, trial court judgment granting the partial summary judgment in favor of the plaintiffs. On appeal, the primary argument advanced by the defendants is that the May 2, 1994, judgment is invalid because the trial court had no jurisdiction to enter the judgment in light of the fact that the case had already been dismissed with prejudice by this court's March 29, 1994, judgment in writ number 94-C-0154. Alternatively, the defendants contest the substance of the May 2, 1994, judgment.
Validity of May 2, 1994 judgment
The defendants' argument that the trial court lacked jurisdiction to enter the May 2, 1994, judgment is based on the fact that this court granted certiorari on an application for supervisory writs, then granted an exception of res judicata dismissing the plaintiff's case with prejudice prior to the trial court's entrance of the May 2, 1994 written judgment in writ number 94-C-0154. Because the Louisiana Supreme Court, on June 17, 1994, denied an application for supervisory writs to review this court's judgment in writ number 94-C-0154, the defendants claim, this court's March 29, 1994 judgment is final. According to the defendants, the trial court had no jurisdiction to enter the May 2, 1994 judgment granting the plaintiff's motion for partial summary judgment because the suit had previously been dismissed with prejudice.
*751 Initially, we note that the March 29, 1994 judgment in writ number 94-C-0154 issued by this court was rendered after the court granted certiorari on an application for supervisory writs, not after consideration of the case on formal appeal. Generally, when an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the "law of the case," foreclosing relitigation of that issue either at the trial court on remand or in the appellate court on a later appeal. Easton v. Chevron Industries, Inc., 602 So.2d 1032, 1038 (La.App. 4th Cir.), writs denied, 604 So.2d 1315, 1318 (La.1992).
However, application of the law of the case doctrine in decisions made on applications for supervisory writs is discretionary. Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1st Cir.), writs denied, 605 So.2d 1099, 1100 (La.1992) (citing Landry v. Aetna Insurance Co., 442 So.2d 440 (La. 1983); Board of Levee Commissioners of Orleans Levee District v. Newport Ltd., 578 So.2d 191, 193 (La.App. 4th Cir.), writs denied, 584 So.2d 681, 683 (La.1991), cert. denied 503 U.S. 970, 112 S.Ct. 1584, 118 L.Ed.2d 303 (1992)). Further, the law of the case doctrine generally does not apply "in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur." Sharkey, 600 So.2d at 705. Therefore, a prior determination in a pre-trial writ is not necessarily binding on a subsequent appeal. State v. Carey, 609 So.2d 897, 900 (La.App. 4th Cir.1992). See also, in the context of supervisory review, Goodwin v. Goodwin, 607 So.2d 8, 10 (La. App. 2d Cir.1992).
We have thoroughly reviewed both the record in the instant case and the record in the federal case that formed the basis of the writ panel's granting of the exception of res judicata. For the reasons that follow, review of both records convinces us that strict application of the law of the case doctrine to the instant case is improper both because the writ application decision was "palpably" erroneous and because "manifest injustice would occur." Sharkey, 600 So.2d at 705. Thus, we decline to consider this court's May 2, 1994 judgment a final judgment that divested the trial court of jurisdiction to enter the written judgment granting the motion for partial summary judgment in favor of the plaintiffs.
As noted previously, the federal court's minute entry explaining its reasons for granting the motions for summary judgment in favor of the defendants and dismissing the plaintiffs' case with prejudice indicates that an important reason for his decision was the fact that the plaintiffs' attorney had indicated his intention to file a motion for voluntary dismissal. Although that motion was not filed prior to the granting of the defendants' motions for summary judgment, the federal court record does include the anticipated motion. That motion states, in pertinent part, as follows:
NOW INTO COURT, through the undersigned counsel, comes plaintiffs, Arthur and Julie Tolis, and move this Court, pursuant to Rule 41(a)(2), Fed.R.Civ.Pro. to enter an order dismissing with prejudice all federal claims they may have herein against defendants, Allen A. Copping, Gregory M. St. L. O'Brien, Ronald Maestri, David Sherman, and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, with all parties to bear their own costs. Counsel for all defendants have agreed to this dismissal.
This motion is predicated upon plaintiffs' inability to overcome defendants' argument of Eleventh Amendment Immunity for defendant, Board of Supervisors. Plaintiffs reserve their right to pursue any and all actions filed in state court or to be filed in state court, connected with defendants.
(Emphasis added.) The above motion was never signed by the federal court because the case had already been dismissed on the motions for summary judgment. However, the federal court record reveals that the defendants' motions for summary judgment were indeed premised on Eleventh Amendment immunity. As the above discussion indicates, the plaintiffs have never had an opportunity to have their case considered on the merits.
*752 The doctrine of res judicata is to be interpreted stricti juris; thus, any doubt concerning application of principle of res judicata must be resolved against its application. Kelty v. Brumfield, 93-1142 (La. 2/25/94), 633 So.2d 1210, 1215. Res judicata is not applicable unless all essential elements are present and each element has been established beyond all question. Id.
In Louisiana, res judicata is governed by LSA-R.S. 13:4231, which provides, in pertinent part, as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties except on appeal or other direct review, to the following extent:
. . . . .
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Although the above statute would seem to bar the state court action in the instant case, we note that it is subject to an express exception "as otherwise provided by law." Further, LSA-R.S. 13:4232 provides for specific exceptions to the general rule of res judicata established by LSA-R.S. 13:4231. Subsection (1) of that statute states that res judicata does not apply, even when the requirements of LSA-R.S. 13:4231 are present "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." That exception has been explained by this court has follows:
According to the official comment on the statute it is designed to allow the court to balance the principle of res judicata with the interests of justice. In the present case, plaintiff alleges that he has been the victim of a horrendous injustice. His interest in proceeding with the law suit outweighs any interest in the strict application of res judicata, especially considering that his predicament is the result of his attorney's conduct and not his own.
Jenkins v. State, 615 So.2d 405, 406 (La.App. 4th Cir.), writ denied, 617 So.2d 932 (La. 1993).
We believe that such exceptional circumstances exist in the instant case. The record reveals that the only reason the plaintiffs' federal suit was dismissed on the motions for summary judgment was because their attorney failed to file the motion for voluntary dismissal promptly after discovering the fact that the plaintiffs could not defend against the defendants' Eleventh Amendment claims, claims that barred only the federal court suit, and did not affect the plaintiffs' right to proceed in state court. This position is supported by the fact that the plaintiffs' motion for voluntary dismissal specifically reserves their right to pursue their cause of action in state court. Thus, the federal judge never intended for his granting of the motion for summary judgment to be res judicata to the state court claims presented in the instant suit. Further, as in Jenkins, the conduct on the part of the attorney in this casefailing to file the necessary motion for voluntary dismissalshould not bar the clients from an opportunity to have their suit adjudicated on the merits.
Additionally, and perhaps most importantly, we find that the policy reasons behind the res judicata doctrine weigh against application of the doctrine in the instant case. This court has recently stated as follows:
The policies of res judicata are to increase judicial efficiency and to protect parties against unnecessary burdens of litigation arising from repeated lawsuits. La.R.S. 13:4231 Comments1990. Thus, a denial of the application of res judicata when it might, perhaps, be applied, will cause harm only in the forms of a lessening of judicial efficiency and an increase in the burdens of litigation on the defendant. Although we recognize that those possible harms are not trivial matters, we believe they are preferable to possible loss of the plaintiff's substantive rights without their merits ever having been addressed if res judicata *753 were to be applied, when, perhaps, it should not be.
Mavromatis v. Lou-Mar, Inc., 93-0379, 93-1212 (La.App. 4th Cir. 2/11/94), 632 So.2d 828, 832. In the instant case, as in Mavromatis, the possible loss of the plaintiffs' substantive rights without their ever being addressed outweighs the need to promote judicial efficiency and to protect against the unnecessary burdens of litigation.
All of the above discussion is based on Louisiana jurisprudence and principles interpreting the res judicata doctrine. However, because the federal court's jurisdiction in the instant case was based on federal question jurisdiction, rather than diversity jurisdiction, a state court considering the preclusive effect of the judgment must apply the federal law of res judicata, Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). Nevertheless, nothing in the federal law of res judicata would require a different result. In fact, based on the following language from Reeder, we find that the policy reasons for granting an exception of res judicata are not present in this case:
Under federal precepts, "claim preclusion" or "true res judicata" treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." When the plaintiff obtains a judgment in his favor, his claim "merges" in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a "bar." Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach.
Claim preclusion will therefore apply to bar a subsequent action on res judicata principles where parties or their privies have previously litigated the same claim to a valid final judgment. In most cases, the key question to be answered in adjudging the propriety of a claim preclusion defense is whether in fact the claim in the second action is "the same as," or "identical to," one upon which the parties have previously proceeded to judgment.
Id. (Emphasis added.) In the instant case, the plaintiffs have never litigated their claims to a valid judgment; none of the substantive issues have been determined. Thus, the policy reasons behind the federal claim preclusion doctrine do not require application of the res judicata doctrine to the instant case.
Accordingly, this court's March 19, 1994 decision in writ number 94-C-0154 granting the defendants' exception of res judicata is vacated. Because the judgment dismissing the case was improper and has now been vacated, the defendant's arguments that the trial court lacked jurisdiction to enter the May 2, 1994 judgment granting the motion for partial summary judgment on behalf of the plaintiffs are moot. The May 2, 1994 judgment is valid and will be reviewed for correctness.
Correctness of May 2, 1994 judgment
The trial court's judgment granting the motion for partial summary judgment in favor of the plaintiffs states, in pertinent part, as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Partial Summary Judgment is granted, and the Court finds that defendants breached the compromise agreement of April 10, 1988. The Court further finds that the plaintiffs are entitled to a partial summary judgment, decreeing that plaintiffs are entitled to $116,000.00 in damages as provided by the compromise agreement.
The defendants contest this judgment on two grounds: (1) that the written judgment differs from the oral judgment issued by the trial court on December 10, 1993, and (2) that the trial judge improperly awarded the plaintiffs *754 $116,000 in damages based on the compromise agreement.
Concerning the first issue, the trial judge stated, on December 10, 1994, in his oral reasons for granting the motion for partial summary judgment in favor of the plaintiffs, as follows:
I believe that a motion for partial summary judgment by the plaintiff should be granted to this extent: to the extent that the defendants have, in fact, breached the contractagreement, let's call it; and, two, that they are entitled to the sum of $116,000.
Now, I am denying the motion for summary judgment insofar as the first $59,000 [sic].
I'll put it this way. I have not made a decision.
I have my own thoughts probably about it that I'll tell you later about at the settlement conference.
I think that's a question that the jury should decide; that is, as to whether it was a donation or whether it was, in fact, a credit to be applied to the one hundred and sixteen thousand dollars.
The defendants claim that in stating the above judgment, the trial judge intended only to recognize that the plaintiffs were entitled to the total $116,000 promised in the oral agreement that accompanied the written compromise agreement, which would make the defendants liable only for the $58,000 second payment that was not timely paid but has since been deposited into the registry of the court. The defendants claim that the above-quoted oral judgment does not anticipate the plaintiffs receiving damages as outlined by the compromise agreement.
We find that the trial judge's above-quoted comments indicate that he intended to award the plaintiffs $116,000, possibly in addition to the first $58,000 payment made by the defendants in April of 1988. The trial judge reserved for trial only the issue of whether the plaintiffs were entitled to keep the initial $58,000 payment as a "donation." However, the defendants are correct in noting that the trial judge's oral comments do not mention "damages," as does the written judgment. However, under the provisions of La.C.C.P. art. 1911, a final, appealable judgment must be signed by the judge who issued the judgment. Thus, the defendants are entitled to appeal only the terms of the May 2, 1994 written judgment.
We must now consider whether the trial judge was correct in awarding the plaintiffs "$116,000 in damages as provided by the compromise agreement." The written compromise agreement provided for liquidated damages only for breach of the confidentiality provision; nowhere else in the contract are liquidated damages for breach of other portions of the agreement stipulated. Further, nowhere in their petitions or in other documents filed in the trial court do the plaintiffs claim that the defendants breached the confidentiality provision. Rather, the plaintiffs claim that the defendants breached the agreement both by failing to timely pay the second $58,000 and by fraudulently inducing the plaintiffs to enter the written compromise agreement. Although the plaintiffs may be entitled to damages as a result of the defendants' breach of the contract, they are not entitled to the $116,000 in stipulated damages.
To the extent that the trial court judgment granting the partial motion for summary judgment in favor of the plaintiffs holds that the defendants breached the compromise agreement, it is affirmed. However, the award of $116,000 in stipulated damages is improper under the circumstances.
Further, we would note that the defendants have admitted that the plaintiffs are entitled to the second $58,000 that has been deposited into the registry of the court. However, the trial court judgment, as written, does not award that amount.
Accordingly, the portion of the trial court, judgment granting the motion for partial summary judgment holding that the defendants have breached the written compromise agreement is affirmed. The judgment is amended to delete the award of $116,000 in stipulated damages under the written compromise agreement. The case is remanded for determination of the amount of damages suffered by the plaintiffs as a result of the *755 defendants' breach of the compromise agreement. Costs are assessed to appellee.
AMENDED; AS AMENDED, AFFIRMED; REMANDED.
BARRY, J., concurs with reasons.
BARRY, Judge, concurs with reasons.
When this matter was considered on certiorari in writ 94-C-0154, the nine volume record was reviewed by this Court. Only two incomplete volumes were lodged with this appeal. However, based on the federal law of res judicata which is applicable to this case, it is clear that this action is not barred because of the dismissal of the federal court action.
When a state court considers the preclusive effect of a judgment rendered by a federal court exercising federal question jurisdiction, the federal law of res judicata is applicable. Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. den. ___ U.S. ___, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994); Pilie' & Pilie' v. Metz, 547 So.2d 1305, 1308 (La.1989). But see Jenkins v. State, 615 So.2d 405 (La.App. 4th Cir.), writ den. 617 So.2d 932 (La.1993), which applied state law to determine the preclusive effect of a judgment rendered in federal court on a wrongful incarceration claim that was based on La.C.C. art. 2315 and 42 U.S.C.A. § 1983.
The result under Louisiana's new res judicata statute would be the same. La.R.S. 13:4231 substantively changed the law, and identity of the Louisiana "cause of action" is no longer necessary. Under R.S. 13:4231, effective January 1, 1991, a final judgment is conclusive
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
The revised res judicata statute applies to all actions filed on or after January 1, 1991. La.R.S. 13:4231, Date effectiveApplication of Acts 1990, No. 521. The judgment in the federal action was rendered in February 1991 and therefore the new law would apply if state law were applicable. Although Jenkins, supra, applied state law, the case relieved the plaintiff of res judicata under Louisiana's "exceptional circumstances" statute, R.S. 13:4232.
In Reeder v. Succession of Palmer, supra, the supreme court examined federal law to determine whether a federal judgment barred subsequently filed state law claims arising from the same set of facts or transaction. Federal res judicata is based on "claim preclusion" and treats a final judgment as the full measure of relief to be accorded between the same parties on the same claim. There is no uniform definition of "claim" for res judicata purposes, but "(a) majority of the federal circuit courts ... have thus far expressly adopted the Restatement's [(Second) Judgments] transactional approach." Reeder, 623 So.2d at 1272. Under that view,
the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
Reeder, 623 So.2d at 1272, quoting Restatement (Second) Judgments § 24, "Dimensions of `Claim' for Purposes of Merger or Bar General Rule Concerning `Splitting'" (1982).
Reeder enunciated a rule where a claim may be supported by theories or grounds arising from both state and federal law:
(I)f a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had `pendent' jurisdiction to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion.
Reeder, 623 So.2d at 1272-73.
Plaintiffs urge that the federal action which alleged fraud and misrepresentation during settlement negotiations is distinct from the state action which alleged breach of *756 the settlement. That argument has no merit. Plaintiffs alleged in both actions that the defendants fraudulently misrepresented facts during settlement negotiations and failed to satisfy their obligations under the compromise.[1]
To establish res judicata a prior judgment must be a final judgment on the merits. See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044, 1045 (5th Cir. 1989). The federal court judgment attached to plaintiffs' brief simply grants a judgment to defendants and dismisses the complaint with prejudice. The pertinent minute entry states that plaintiffs filed no opposition to the two motions for summary judgment (one by the Board and Copping, the other by the remaining defendants) and that the motions "are all well-founded in light of the plaintiffs' failure to present any evidence of a genuine dispute of material fact...." Nonetheless, the pleadings and law demonstrate that the judgment was based on prescription.
A 1953 Fifth Circuit case considered the res judicata effect of a dismissal given without reasons. Scrofani v. Miami Rare Bird Farm, Inc., 208 F.2d 461 (5th Cir.1953). The court held that res judicata did not apply because there was nothing to indicate that the dismissal was based on "any rule of law relied upon by appellee [the party which moved for dismissal]." Id. at 464. The court then quoted West Coast Life Insurance Co. v. Merced Irr. Dist., 114 F.2d 654 (9th Cir. 1940), cert. den. 311 U.S. 718, 61 S.Ct. 441, 85 L.Ed. 467 (1941):
Where a number of grounds for dismissal of an action are urged, an order of a court simply that the cause be dismissed, without an indication as to the ground upon which the court acted, cannot be res judicata of all possible grounds for such order.
Scrofani, 208 F.2d at 464. This case is distinguishable because, for the following reasons, the pleadings and law indicate grounds relied on by the court.
The Board's federal court motion for summary judgment which was attached to the prior writ application urged 1) the merits of some of the federal law claims; 2) the statute of limitations; 3) Eleventh Amendment immunity for the Board as a state agency and for individuals acting in official capacities as officers or agents of the Board; and 4) qualified immunity for the individuals. The record does not contain a copy of the other defendants' motion for summary judgment.
In the motion for summary judgment attached to the prior writ disposition, the Board and Copping argue that plaintiffs failed to allege racial animous required for an action under 42 U.S.C. §§ 1981, 1985(3), and 1986. A dismissal on that basis could not have included all claims alleged by plaintiffs.
The dismissal with prejudice could not have been based on sovereign immunity. The Eleventh Amendment generally provides immunity to the state or a state agency or department against a suit in federal court by a citizen of the state and it is a jurisdictional limitation on the judicial power of the federal courts. Saahir v. Estelle, 47 F.3d 758 (5th Cir.1995), citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Thus, a dismissal on Eleventh Amendment grounds is a jurisdictional ruling.
A dismissal for lack of jurisdiction bars access to federal courts and is res judicata only as to the lack of a federal court's power to act. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir.1986), quoting Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir.1985). It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court. Id.
The federal court judgment did not state that it was based on jurisdictional grounds and it dismissed the case with prejudice. That is inconsistent with a decision based on the Eleventh Amendment. Cf. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d at 188. Moreover, Eleventh Amendment immunity applies to the state and to state officials acting in their official capacities when the state is the real, substantial party in interest. *757 Darlak v. Bobear, 814 F.2d 1055, 1060 (5th Cir.1987). See Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir.1990), cert. den. 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). Plaintiffs assert claims against the individual defendants in their individual as well as official capacities. Thus, the Eleventh Amendment does not dispose of those claims.
Unlike the Eleventh Amendment, the qualified immunity defense is not jurisdictional. See Crosetto v. State Bar of Wisconsin, 12 F.3d 1396, 1403 (7th Cir.1993), cert. den. ___ U.S. ___, 114 S.Ct. 2138, 128 L.Ed.2d 867 (1994), where the Court held that it had subject matter jurisdiction over plaintiffs' claims against an official in his individual capacity but that individual may be entitled to qualified immunity. See also Stem v. Ahearn, supra. Further, a judgment based on qualified immunity is on the merits. See Fed.R.Civ.P.Rule 41(b), which states:
Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
It follows that res judicata limitations applicable to a dismissal for lack of jurisdiction would not apply to a dismissal based on qualified immunity. However, the record does not establish that the dismissal of all claims against all defendants was based on qualified immunity.
Counsel suggested during oral argument that the summary judgment was based on prescription. "Dismissal of a prior action as barred by a statute of limitations creates a variety of preclusion problems." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4441, at 366 (1981). In fact, the Seventh Circuit noted that "no area of traditional adjective law has precipitated more ambiguity and caused more theoretical and practical snarls than this area [determining whether an action is time-barred]." Reinke v. Boden, 45 F.3d 166, 169 (7th Cir.1995).
Several federal cases hold that the dismissal of an action on prescription constitutes a final judgment on the merits and is res judicata as to a successive action in a different federal court arising from the same transaction. Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044 (5th Cir.1989); Mathis v. Laird, 457 F.2d 926 (5th Cir.1972), cert. den. 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972); Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir.1989). Steve D. Thompson Trucking, Inc. and Shoup, both involve two federal court actions and rely on Fed.R.Civ.P.Rule 41(b). That rule states that any dismissal except the few enumerated therein is an adjudication on the merits:
Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
Prescription is not listed, so it follows that any dismissal on limitations grounds is on the merits.
Though not discussed in Steve D. Thompson Trucking, Inc., the res judicata effect of a dismissal based on prescription depends in part on whether the successive actions are within the same or different "system of courts." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4441, at 366 (1981). The rule was summarized in the Yale Law Journal:
The effect of a statute of limitations dismissal on maintenance of the claim elsewhere is not entirely clear. The general rule seems to be that dismissal will bar relitigation "in the same judicial system" but not in "a different system of courts," unless the second forum would apply the same statute of limitations applied in the first proceeding.
Allan R. Stein, Erie and Court Access, 100 Yale L.J. 1935, 1937 n. 11 (1991), citing 18 C. Wright, A. Miller & E. Cooper, supra note 6, § 4441, at 366; Restatement (Second) of Judgments § 19(f) (1982); Restatement (Second) of Conflict of Laws § 110 comment B (1969).
*758 In its denial of rehearing en banc, the Fifth Circuit stated that it was not departing from the traditional approach applied when duplicative actions are filed in state courts of different states. Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 880 F.2d 818, 819 (5th Cir.1989). The rehearing denial did not mention successive actions in federal and state court.
The intrasystem and intersystem uses of res judicata are discussed in Reinke, supra. The Reinke plaintiff originally sued in Minnesota state court and that suit was dismissed on limitation grounds. The plaintiff then filed virtually an identical diversity action in Illinois federal court (Illinois had a longer statute of limitations). The district court granted summary judgment to defendants based on res judicata, reasoning that it was required to give the same preclusive effect to the state court judgment as that state would, and that Minnesota considered the limitations dismissal to be on the merits. The Seventh Circuit reversed. In a lengthy discussion, the court distinguished Steve D. Thompson Trucking, Inc. and Shoup because they involved successive suits in the same federal system:
Unlike any of these cases, we do not have before us two successive federal suits. This difference is not a formalistic one. An intrasystem use of res judicata for dismissals on the ground of the expiration of a statute of limitations promotes judicial economy within that system. Therefore, it is in the interest of that system to give res judicata effect to the first judgment.... In the context of the intersystem use of res judicata, however, the intent of the first forum to save the judicial resources of the second cannot be so readily presumed.
Reinke, 45 F.3d at 171.
Any attempt to distinguish Reinke based on the fact that the first judgment in Tolls was a federal court judgment and that judgment is on the merits under Fed.R.Civ. P.Rule 41(b), fails because in Reinke the state had a rule that mirrored Rule 41(b).
Reinke addressed this:
The district court was of the view that Minnesota's enactment of a rule of court that closely mirrors Federal Rule 41(b) evidences, in a definitive way, that Minnesota has chosen to characterize all statutes of limitations decisions rendered by its state courts as precluding all litigation on the same cause of action between the same parties in any court.... As we have just seen, it is not at all clear that such an interpretation of Rule 41(b) would be faithful to its intended purpose. Nor is it at all clear that the federal rule was intended to abrogate the traditional rule that a dismissal on the ground of the running of the statute of limitations acts as a bar to "[s]uccessive actions in different systems of courts." [Citation omitted.]
Reinke, 45 F.3d at 171-72.
Tolis is almost the converse of Reinke. In Tolis the state court action was timely filed first, but the federal court action was dismissed on prescription. Reinke applies. Though the federal court dismissal is on the merits under Fed.R.Civ.P.Rule 41(b), that judgment does not preclude an action in state court because the two actions are in different judicial systems. Reinke, supra. See Steve D. Thompson Trucking, Inc., 880 F.2d at 819 (reh. den.). Further, the state court claims are governed by separate prescriptive periods than the statute of limitations applied to the federal court claims.
Accordingly, the federal court dismissal does not bar the state court action. I respectfully concur.
NOTES
[1] The record does not contain the petition. Copies of plaintiffs' second and third supplemental and amending petitions were filed with the prior writ application and a copy of the federal complaint is attached to the plaintiffs' brief.