839 So.2d 1129 (2003)
Magnolia WILLIAMS
v.
CITY OF MARKSVILLE, City of Marksville Police Department, and Lawrence J. Bordelon.
No. 02-1130.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
*1130 Darrell Hickman, Noland Hammond, Alexandria, for Magnolia Williams.
Raymond Brown, Jr., Gold, Weems, Bruser, Sues, & Rundell, Alexandria, for City of Marksville, City of Marksville Police Department, and Lawrence J. Bordelon.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and ELIZABETH A. PICKETT, Judges.
WOODARD, Judge.
Ms. Magnolia Williams appeals the amount of damages the trial court awarded to her, the trial court's exclusion of evidence relating to her second surgery, and the trial court's grant of the exception of res judicata, precluding her from re-litigating the City's liability in her automobile accident with Officer Lawrence Bordelon. We affirm in all respects.

* * *
Ms. Williams and Officer Bordelon, a police officer on duty for the City of Marksville Police Department, were involved in an automobile accident on June 18, 1998. On July 14, 1998, she filed the present suit against him, the City of Marksville and the City of Marksville Police Department (City), and Gulf Insurance Company (Gulf), the City's insurance provider. She sued the City because Officer Bordelon was in the course and scope of his duty for it when the accident occurred.
Two days after she filed the present suit, Officer Bordelon filed suit against her and her insurer, Safeway Insurance Company (Safeway). Ms. Williams, therefore, had the opportunity to file an exception of lis pendens to have Officer Bordelon's suit dismissed. When she chose not to except, she assumed the risk that any issues decided in Officer Bordelon's suit against her would be conclusive in her suit against him, if a judgment in his suit was rendered before a judgment was rendered in hers.[1]
*1131 Before the trial court rendered judgment in Officer Bordelon's suit, Ms. Williams amended her answer to plead specifically the City's negligence and fault, not based on its status as Officer Bordelon's employer, but based on its own negligence in failing to maintain a safe intersection. She did not join the City in the suit but, rather, pleaded its negligence as an affirmative defense under La.Civ.Code art. 2323 and 2324.
After a bench trial, the trial court rendered a judgment on liability in Officer Bordelon's suit, assessing 80% fault to Ms. Williams and 20% to him. It also determined the amount of his damages. It did not assign any fault to the City. Ms. Williams did not appeal the liability allocation in Officer Bordelon's case.
After this judgment, the City filed an exception of res judicata concerning liability in the present action, Ms. Williams' suit. She amended her petition to include the allegation against the City based on its failure to maintain a safe intersection. The trial court granted the exception and held a jury trial to determine the amount of her damages based on the already adjudicated apportionment of fault. It excluded all evidence relating to the second surgery on her knees, because she failed to disclose that she had had a second surgery and produced no evidence regarding it until two days before trial, unfairly prejudicing the Defendants and violating the court's pre-trial order. The jury awarded her $5,500 in damages. Ms. Williams appeals.
We must decide: 1) whether the trial court erred in maintaining the City's exception of res judicata; 2) whether it erred in precluding evidence related to Ms. Williams' second surgery; and 3) whether the evidence supported an award of only $5,500.

* * *
RES JUDICATA
"Res judicata is an issue and claim preclusion device found both in federal law and state law."[2] Before it was amended in 1991, Louisiana law on res judicata was substantially narrower than federal law, however, the amendments expanded the law to include issue preclusion.[3] Technically, both claim and issue preclusion are termed res judicata under our law. However, there is a distinction given in Hudson v. City of Bossier:[4]
Under claim preclusion, a final judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties.
(Emphasis added.)
Thus, unlike issue preclusion, claim preclusion is much broader, encompassing a prohibition against relitigation of those matters which, not only, were litigated but, also, of those which could have been litigated. "The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless re-litigation."[5]
La.R.S. 13:4231 governs res judicata. Subsection (3), which specifically addresses issue preclusion, provides:

*1132 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
(Emphasis added.)
Although our state rules regarding res judicata were recently amended to include issue preclusion, bringing them further in line with the federal rules, unlike the federal rules, our statute still requires mutuality; that is, it is only applicable if the parties to the first and second actions are the same or there is identity of parties.
Since fault in Officer Bordelon's suit was allocated under La.Civ.Code art. 2323, which was also recently amended, this case presents us with a novel situation. Article 2323, the comparative fault article, was amended in 1996 to include a requirement that the court allocate fault to all entities, whether or not they have been joined as parties, if their alleged fault is relevant to the case. The article states that "the percentage of fault of all persons causing or contributing to [an] injury ... shall be determined, regardless of whether the person is a party to the action or a nonparty[.]" (Emphasis added.)
Our supreme court, in Dumas[6] recently reviewed the amendments to Article 2323 and stated:
We find the language of Articles 2323 and 2324(B), as amended by Act 3, is clear, unambiguous, and does not lead to absurd consequences. Article 2323 provides that "[i]n any action for damages..., the degree of percentage of fault of all persons causing or contributing to the injury, death or loss shall be determined, regardless of whether the person is a party to the action or a nonparty.... The [foregoing] provisions ... shall apply to any claim ... asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability." (Emphasis added.) Thus, this article clearly requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person.
(Citations omitted.)
Thus, even though not formally joined in the suit, for all intents and purposes, even a nonparty is treated as if s/he is a party for the purpose of allocating a percentage of fault to that "party" in order to reduce the percentage of fault allocated to the actual litigants[7] and it stands to reason for purposes of res judicata. However, this does not mean that a nonparty is responsible if cast in judgment since to do so would violate that person's due process rights by binding the non-party without giving that person an opportunity to be heard.[8]
Thus, while Ms. Williams did not "third party" the City in Officer Bordelon's suit, when she attempted to use the City's fault for an allegedly defective intersection as an affirmative defense, in effect, she put the City's fault in this regard at issue and is precluded from asserting it a second time in another suit. Moreover, Ms. Williams did not appeal the fault allocation in that suit, making it a final adjudication of the City's fault,[9] even though the trial court did not, specifically, address the *1133 City's fault in its allocation. It is sufficient for res judicata purposes that the pleadings and law indicate the grounds for the trial court's judgment.[10] Accordingly, since Ms. Williams pleaded the City's negligence under Article 2323 and Article 2323 required the trial court to determine the percentage of the City's fault,[11] we must presume that it found no fault on the part of the City. Indeed, the trial court's allocation of fault, 80% to Ms. Williams and 20% to Officer Bordelon, accounts for 100% of the fault for the accident. Furthermore, when an issue is raised but not specifically ruled upon, we must presume that the trial court rejected it.[12]
EXCLUSION OF EVIDENCE RELATING TO SECOND SURGERY
Ms. Williams complains that the trial court erred when it excluded all evidence relating to her second surgery. We must review this evidentiary ruling to determine if the trial court abused its discretion in this matter.[13]
There was a pre-trial order in effect requiring that the Plaintiff furnish the Defendant with a memo, including, among other things, an itemized list of all damages claimed and a list of exhibits and documents to be introduced, at least twenty days before the trial date. Furthermore, such memos were required to be presented to the court three days prior to trial. This order specifically states that the court, may, in its discretion, exclude any evidence not presented in the required pre-trial memorandums.
Contrarily, Ms. Williams did not honor the order's timeliness requirement. In fact, she failed to provide the Defendants and the court with any information indicating that she had a second surgery until two days before trial. Once revealed, they requested immediate delivery of evidence relating to that surgery, some of which she provided late in the afternoon on the day before trial. She failed to give any reason for the failure to provide the Defendants with this information timely. Thus, the trial court excluded this evidence based on unfair prejudice to the Defendants by its surprise.
We find that the trial court did not abuse its discretion in excluding this evidence.
DAMAGES
Ms. Williams argues that the jury's award of only $5,500 in damages is inadequate and that the evidence does not support it because her medical bills since the accident exceeded this amount.
We review the jury's determination under the manifest error standard and must respect its determination unless it is clearly wrong.[14] After reviewing the record in its entirety, we find that the jury could have reasonably determined that Ms. Williams' medical bills were incurred, in part, due to a pre-existing condition which her accident with Officer Bordelon did not cause or aggravate. Causation is a question of fact for the jury, which we will not disturb, absent manifest error.[15] Therefore, we maintain the jury's determination.

*1134 CONCLUSION
We hold that Ms. Williams is precluded from re-litigating the City's liability, because she had already litigated the issue as an affirmative defense, requiring the trial court to determine the City's liability, if any, at that time. Therefore, based on issue preclusion, we affirm its grant of the City's exception of res judicata. We find no abuse of discretion in its decision to exclude evidence of her second surgery, nor do we find that the amount of damages awarded was an abuse of discretion. We cast the costs for this appeal on Appellant, Ms. Williams.
AFFIRMED.
NOTES
[1] See La.Code Civ.P. art. 531; see also Fincher v. Insurance Corp. of Am., 521 So.2d 488 (La.App. 4 Cir.), writ denied, 522 So.2d 570 (La.1988).
[2] Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co., 95-654, p. 11 (La.1/16/96), 666 So.2d 624, 631.
[3] Id.
[4] 33,620, p. 7 (La.App. 2 Cir. 8/25/00); 766 So.2d 738, 743, writ denied, 00-2687 (La.11/27/00); 775 So.2d 450.
[5] Terrebonne, 666 So.2d at 631.
[6] Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism, 02-563, p. 11 (La.10/15/02); 828 So.2d 530, 537.
[7] Id.
[8] Richards v. Jefferson County, 517 U.S. 793, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996); Hudson, 766 So.2d 738.
[9] Tolis v. Board of Supervisors of La. State Univ., 95-1529 (La.10/16/95); 660 So.2d 1206.
[10] Tolis v. Board of Supervisors of La. State Univ., 94-1444 (La.App. 4 Cir. 5/16/95); 655 So.2d 747, rev'd on other grounds, 95-1529 (La.10/16/95); 660 So.2d 1206.
[11] La.Civ.Code art. 2323.
[12] Cooks v. Rodenbeck, 97-1389 (La.App. 3 Cir. 4/29/98); 711 So.2d 444.
[13] Conques v. Wal-Mart Stores, Inc., 00-619 (La.App. 3 Cir. 2/15/01); 779 So.2d 1094, writ denied, 01-715 (La.4/20/01); 790 So.2d 643.
[14] Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
[15] White v. State Farm Mut. Auto. Ins. Co., 97-1704 (La.App. 3 Cir. 4/29/98); 713 So.2d 618, writ denied, 98-1429 (La.7/2/98); 724 So.2d 741.