439 So.2d 1203 (1983)
Earline SMITH and Sara Nixon
v.
Dometile LEGER & State Farm Mutual Automobile Insurance Company.
No. 82 CA 1130.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Rehearing Denied November 22, 1983.
*1204 Clyde A. Ramirez, New Orleans, for plaintiffs and appellants.
Jerry H. Schwab, Houma, for defendants and appellees.
Edward D. Markle, New Orleans, for defendant and appellee, American Liberty Ins. Co.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit for damages in tort arising from an automobile accident brought by the driver and a guest passenger of one of the vehicles. The driver and insurer of the other vehicle filed a peremptory exception of res judicata pleading a written compromise agreement with the plaintiff-driver. The trial court sustained this exception and dismissed the plaintiff-driver's portion of the suit. This devolutive appeal followed.

FACTS
The petition alleges that on January 21, 1981, Earline Smith was operating a 1980 Buick automobile owned by her in a northerly direction on Church Street in the City of Houma, Parish of Terrebonne, Louisiana. Sara Nixon was a guest passenger in this vehicle. At the same time and place, Dometile Leger was operating her 1973 Chevrolet automobile in a westerly direction on School Street, and at the intersection of Church and School Streets there was a collision between the Smith and Leger vehicles. The Leger vehicle was insured by State Farm Mutual Automobile Insurance Company (State Farm).
On January 23, 1981, Earline Smith went to the State Farm office in Houma, Louisiana, to discuss the accident. It was determined at that time that the repair cost to her vehicle was $875.91 and the rental expense *1205 for a substitute vehicle was $260.00 for a total of $1,135.91. Smith signed a written compromise agreement and was issued a check for $1,145.91 which she cashed. The compromise agreement provides, in pertinent part, as follows:
FOR AND IN CONSIDERATION of the payment of the sum of One Thousand one hundred forty five & 91/100 Dollars, the receipt and sufficiency of which is hereby acknowledged, and of the promise of payment to the undersigned of benefits in accord-with the SCHEDULE OF BENEFITS set forth below, by the Company accepting this Agreement,
. . . . .
the undersigned hereby releases and forever discharges Dometile Leger and State Farm Mutual Auto. Co., the Insurance Company accepting this Agreement, and any and all other persons, firms or corporations liable or who might be claimed to be liable, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, both to person and property, and particularly on account of all injuries, known and unknown, sustained by
 Earline Smith 
 Named Beneficiary
which have resulted or may in the future develop as a result of an accident which occurred on or about the 21 day of January, 1981 at or near Church & School St. Houma, La. This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.
It is also agreed and understood that this settlement is the compromise of a doubtful and disputed claim, that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released, by whom liability is expressly denied. This Agreement and Release contains the entire agreement between the parties hereto, and the terms of this instrument are contractual and not a mere recital. It is further agreed that all parties to this instrument have carefully read the contents thereof and the signatures below are the voluntary and free act of each.
. . . . .
The Schedule of Benefits referred to in the agreement provides as follows:
To pay all reasonable and necessary expenses not to exceed $1,000 incurred for medical, dental or surgical treatment, ambulance, hospital, professional nursing services and prosthetic devices, furnished to the named beneficiary within 180 days following the date of this Agreement, as a result of the accident described herein, provided that such expenses are not paid or payable by any collateral source.
On August 17, 1981, Smith filed this suit seeking damages of $30,000.00 for pain and suffering, mental anguish, emotional distress, medical expenses and property damages.

COMPROMISE AGREEMENT
A compromise is an agreement to adjust the differences of two or more persons by mutual consent for preventing or ending a lawsuit. If entered into prior to the filing of suit, it must be in writing. La.C.C. art. 3071. The defense that a suit is barred by a valid written compromise may be raised by an exception of res judicata and tried separately in advance of trial on the merits. The plaintiff against whose action the exception is directed may introduce evidence of a defense to the compromise agreement without the necessity of filing replicatory pleadings or a prior independent action to annul the compromise. Bielkiewicz v. Rudisill, 201 So.2d 136 (La. App. 3rd Cir.1967).
At the trial of the exception, the exceptors called Earline Smith under cross-examination as an adverse witness. Smith acknowledged her signature on the compromise agreement and admitted signing the document. On the basis of this testimony, the compromise agreement was filed into evidence without objection.

*1206 FAILURE TO READ COMPROMISE AGREEMENT
Smith testified that she did not know that she was signing a release for personal injuries and thought she was just signing for property damage because she did not read the document. Smith testified that she could not read very well, that she glanced at some things in the document and that some things she could not understand. She further testified that she had a seventh grade education, was given an opportunity to read the document and was given a copy of the document after she signed it.
Courts are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear, explicit and lead to no absurd consequences. La.C.C. art. 1945; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it. Carter's Insurance Agency, Inc. v. Franklin, 428 So.2d 808 (La. App. 1st Cir.1983). Failure to read a written compromise agreement is not a legitimate defense. Thigpen v. Guarisco, 197 So.2d 904 (La.App. 1st Cir.1967).

WHAT DISPUTED MATTERS WERE COMPROMISED?
Compromise agreements cannot be attacked for an error in law or for lesion. La.C.C. art. 3078. However, compromise agreements can be contested for errors in calculation, error in the person, fraud, violence or an error on the matter in dispute. La.C.C. arts. 3078-3079. A compromise agreement extends only to those matters which the parties expressly intend to settle. La.C.C. art. 3073; Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir. 1975). Ordinarily, the meaning and intent of the parties to a written contract (such as a written compromise agreement) must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 2276; Tauzin v. Claitor, 417 So.2d 1304 (La. App. 1st Cir.1982), writ denied, 422 So.2d 423 (La.1982). An exception to this rule exists when there is a dispute between the parties as to exactly what matters were intended to be settled by the compromise agreement. La.C.C. art. 3079; Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); Munna v. Mangano, 404 So.2d 1008 (La.App. 4th Cir. 1981).
Smith testified that she only intended to compromise her claims for property damage and that she did not intend to release her claim for personal injuries. On the day of the accident, she went to the emergency room of the hospital, had X-rays taken and received a $50.00 bill. Since the accident, she has been to the hospital twice for a discogram and a myelogram, has had physical therapy and has not worked since the accident.
During the course of examination by her counsel, Smith attempted to introduce evidence of what statements were made to her by the State Farm adjuster. Counsel for the exceptors objected to this testimony as hearsay and the trial court sustained this objection. The trial judge offered to keep the evidence open to allow counsel for Smith to present additional evidence on this point, but counsel for Smith declined the offer and submitted the case without further evidence. Smith has not assigned as error in this court that ruling of the trial court. Since that issue was not raised by a specification of error, this court will not review it in this appeal. Oh v. Allstate Insurance Company, 428 So.2d 1078 (La.App. 1st Cir.1983); Harrison v. South Central Bell Telephone Company, 390 So.2d 219 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 900 (La.1981); Rule 1-3, Uniform Rules, Courts of Appeal.
The trial judge, after hearing the testimony of Smith, nevertheless granted judgment in favor of the exceptors. The finder of fact in the trial court must assess the credibility of witnesses and may refuse, *1207 or accept, all or part of the testimony of any witness. Holmes v. Southeastern Fidelity Insurance Company, 422 So.2d 1200 (La.App. 1st Cir.1982), writ denied, 429 So.2d 133 (La.1983). Obviously, the trial court rejected the testimony of Smith on the issue of whether the compromise agreement was limited or general. After reviewing the record, we cannot say that this factual determination is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). See, for example, Henderson v. Stansbury, 372 So.2d 1253 (La.App. 3rd Cir. 1979); Howard v. Pan American Fire & Casualty Company, 240 So.2d 755 (La.App. 2nd Cir.1970), writ refused, 257 La. 456, 242 So.2d 577 (1971).[1]

PORTION OF MEDICAL EXPENSES NOT RELEASED
The trial court dismissed the entirety of Smith's suit. Part of Smith's claim was for past, present and future medical expenses. The schedule of benefits contained in the compromise agreement obligates State Farm to pay all reasonable and necessary medical bills and expenses not to exceed $1,000 furnished to Smith within 180 days following the date of the compromise agreement (January 23, 1981) which were attributable to the accident and not paid or payable by any collateral source. The record does not reflect what, if any, of the claimed medical expenses fell into that time period. The record of this case contains medical records from the Terrebonne General Hospital indicating that Smith was hospitalized in March and May of 1981, within the 180 day time period. Smith is entitled to recover in accordance with the terms of that portion of the agreement. The decision of the trial court, dismissing this portion of the claim, is in error and is reversed. This portion of the claim is remanded to the trial court for further proceedings to determine Smith's entitlement to recover on that portion of the claim.

PAYMENT OF COSTS BY INDIGENT
Although Smith has proceeded in this appeal in forma pauperis, she is responsible for payment of the costs of this appeal because she failed to prevail. La.C.C.P. art. 5188; Williams v. Dupre, 347 So.2d 1214 (La.App. 1st Cir.1977).

CONCLUSION
For the foregoing reasons, that portion of the trial court judgment dismissing the claim of Smith for medical bills and expenses not exceeding $1,000 arising during the 180 day period after the date of execution of the compromise agreement is reversed and remanded to the trial court. In all other respects, the judgment of the trial court is affirmed. The appellant is cast for the cost of this appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED IN PART.
SHORTESS, Judge, dissenting.
The facts show that two days after the accident, plaintiff went to State Farm's office and received $1,145.91. The repair costs to her vehicle were $875.91. Expenses for the rental of a substitute vehicle were $260.00. These items totaled $1,135.91, or ten dollars less than she received. Plaintiff testified that all she intended to settle was her property claim. These figures show she did not settle anything else because she got nothing else.
The trial court erred in failing to permit evidence as to what the State Farm adjustor told plaintiff. As a representative of a party defendant, he was subject to cross-examination, and anything he said to plaintiff was admissible as an exception to the hearsay rule, i.e., an admission. I do not believe the trial court's offer to keep the matter open for additional evidence cured this error. I realize that plaintiff did not assign as error this ruling of the trial court, but I believe that our court rules give enough discretion for us to address the issue under *1208 the facts presented here. Rule 1-3, Uniform Rules, Court of Appeal.
I respectfully dissent.
ON APPLICATION FOR REHEARING
PER CURIAM
The decision of this court was rendered on October 11, 1983, and mailed that same date. This application for rehearing was filed on November 9, 1983. Pursuant to La.C.C.P. art. 2166, as amended by Act 451 of 1983 and effective August 30, 1983, an application for rehearing must be filed within fourteen days of the mailing of the notice of judgment and the opinion of this court. This application is not timely.
NOTES
[1] Contrary factual conclusions were reached by trial courts in Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976), application denied, 343 So.2d 1072 (La.1977); Wells v. Aguillard, 244 So.2d 689 (La.App. 4th Cir.1971).