502 So.2d 1132 (1987)
Mark A. WATKINS
v.
SENTRY INSURANCE CO. and Lachia A. Lewis.
No. CA-5575.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1987.
Frank E. Beeson, III, New Orleans, for plaintiff-appellant.
Stephen N. Elliott, Alison E. Roberts, Bernard, Cassisa, Saporito & Elliott, Metairie, for Sentry Insurance Company and Lachia Lewis, defendants-appellants.
Before BARRY, WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiff Mark Watkins from a ruling of the trial court maintaining an exception of prescription filed by defendants Sentry Insurance Co. ["Sentry"] and Lachia Lewis.
On February 4, 1985, plaintiff entered into a compromise agreement with defendants. It is plaintiff's contention that his attorney at that time was advised by Sentry's adjuster that Lewis's policy limits were $5,000.00. Plaintiff settled for that amount with Sentry and for an additional $2,000.00 from Lewis and another co-defendant. Plaintiff's counsel later learned that the policy limits were higher than he had been informed. After unsuccessful attempts by all parties to negotiate a re-settlement, defendants filed an exception of res judicata. On the hearing date, the trial judge told plaintiff's attorney that he would not hear any evidence in opposition to the exception; that plaintiff must first file a petition to annul the settlement. The hearing was continued twice. On January *1133 24, 1986, the trial judge again told plaintiff that a petition to annul must be brought. Plaintiff's counsel was then allowed to proffer some evidence (testimony of plaintiff's original attorney), and defendant proffered the testimony of the insurance adjuster who allegedly communicated the inaccurate policy limits. Plaintiff appeals from the trial court's ruling maintaining the exception.
An exception of res judicata is the proper procedural vehicle when a suit is barred by a valid written compromise. Smith v. Leger, 439 So.2d 1203, 1205 (La. App. 1st Cir.1983). A plaintiff may introduce evidence to prove error or fraud and is not required to file a separate suit to annul the settlement. Bielkiewicz v. Rudisill, 201 So.2d 136, 141 (La.App. 3d Cir. 1967). The trial court, therefore, was in error in refusing to consider evidence presented by plaintiff at the hearing.
We note that some evidence was proffered by plaintiff and the defense at the hearing. Based upon the facts of this case, we cannot hold that this proffer allowed plaintiff to fully present his defense to the exception. The trial court's previously-stated refusal to consider any evidence or arguments submitted by plaintiff clearly affected the case that his counsel expected to be able to present on the hearing date. The facts dictate that this case be remanded and plaintiff be allowed to present a fully-developed defense to the exception of res judicata.
For the foregoing reasons the decision of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.