602 So.2d 99 (1992)
Arthur TOLIS and Julie Tolis
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY and Agricultural and Mechanical College, et al.
Nos. 91-CA-1819, 92-CA-0045.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 1992.
*100 James E. Shields, Professional Law Corporation, Gretna, for plaintiffs, appellants.
David C. Loeb, Chehardy, Sherman, Ellis & Breslin, Metairie, Rutledge C. Clement, Jr., Phyllis R. Guin, Phelps Dunbar, New Orleans, for defendants, appellees.
Before PLOTKIN, JONES and WALTZER, JJ.
PLOTKIN, Judge.
Plaintiffs Arthur and Julie Tolis appeal a trial court judgment granting a motion for summary judgment in favor of defendants Gregory M. St. L. O'Brien, Ron Maestri, David Sherman, and the Silver and Blue Club. We reverse.

Facts:
Defendant Board of Supervisors of Louisiana State University employed plaintiff Arthur Tolis as head basketball coach at the University of New Orleans (UNO), pursuant to a written contract dated April 6, 1987 for a period of three years for $58,000 plus perks. On March 21, 1988, defendant Maestri, who served as athletic director at UNO, notified Tolis by written letter that his employment was being terminated; Maestri gave Tolis the option of resigning his position to avoid the embarrassment of a public firing.
Following negotiations, on April 10, 1988, the parties entered a written compromise agreement which, on its face, released all parties from their obligations. The agreement expressly provided as follows:
[T]he parties hereto agree to keep the existence of, the terms of, and/or the circumstances leading to the consummation of this Agreement fully confidential, and to refrain from any and all publicity, whether through books, interviews, press releases, or in any manner whatsoever, regarding the existence of, the terms of, and/or the circumstances leading to the consummation of this Agreement.
The agreement provided that any party breaching the confidentiality clause would be liable to the other party for $116,000 in liquidated damages. Defendant Sherman, a UNO alumni and basketball fan, represented UNO in the negotiations which resulted in the settlement agreement; the plaintiffs were also represented by an attorney.
On May 26, 1989, plaintiffs filed the instant suit, claiming that they were fraudulently induced to sign the written compromise agreement by oral promises made by Sherman. The plaintiffs claim that the defendants failed to perform as promised in the oral agreement. Among other things, Tolis claims that the defendants failed to pay him the second $58,000 of a promised $116,000 payment by April 21, 1989, as they orally agreed in consideration for the compromise agreement. Plaintiffs seek *101 damages for breach of the verbal contract, for fraud, for defamation, and for deceit, as well as liquidated damages for breach.
Defendants filed a motion for res judicata, citing the compromise agreement as the only admissible evidence of the agreement between the parties under La.C.C. art. 3078, which provides as follows:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
The trial court denied the defendants' motion for res judicata on December 5, 1989, stating as follows:
This Court is of the opinion that the written document does not contain the entire terms of the settlement agreement, and that this Court must determine what were the terms, if any, agreed upon by all the parties.
That decision was never appealed. However, on February 11, 1991, the defendants filed a motion for summary judgment on the same issue. The trial court granted the motion for summary judgment, holding that the plaintiffs are not entitled to present parol evidence to prove that the defendants failed to fulfill the terms of the alleged oral agreement accompanying the written compromise. On plaintiffs' request, the trial judge issued reasons for judgment, which stated as follows:
The grounds for dismissal of these parties-defendant, quite simply were that the plaintiffs entered into a compromise and settlement by written contract which purported to completely resolve this matter and that plaintiffs were represented by counsel who was permitted to review the settlement agreement and advise his clients accordingly. The settlement agreement was signed by the parties without any express or implied writing concerning reservation of any rights for any reason.
It is the opinion of the court that plaintiffs are not and were not entitled to alter the terms of the settlement agreement by parol evidence. It was the duty of the plaintiffs' attorney to comply with the terms of Louisiana Civil Code Article 3071 which states that any settlement or compromise "must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding."
Plaintiffs appeal.

Standard for Reviewing Trial Court's Grant of Motion for Summary Judgment
When reviewing a trial court decision granting a motion for summary judgment, appellate courts consider the evidence de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). Thus, the appellate court must make an independent determination of whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Therefore, a trial court judgment granting a motion for summary judgment must be reversed unless the reviewing court finds that the mover proved both of the following elements: (1) no genuine issues of material fact exist, and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion, in this case, the plaintiffs. Schroeder, 591 So.2d at 345. Additionally, all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. Id.
In the instant case, the existence of unresolved factual issues is apparent. However, the trial court concluded that those factual issues were not material because the movers, the defendants in this case, were entitled to judgment as a matter of law, regardless of the facts. Thus, this *102 court must determine whether the trial judge correctly decided that the defendants were entitled to judgment as a matter of law. That issue turns on whether the trial judge's conclusion that the plaintiffs were barred from presenting parol evidence was correct.

Admissibility of Parol Evidence
The Tolises claim that the defendants induced them to sign the compromise agreement through oral promises which the defendants never intended to keep. Among other things, the plaintiffs claim in brief that the defendants promised the following:
1. That Tolis would be paid a total of $116,000 before March 21, 1989. ($58,000 was paid by check from the Silver and Blue Club on April 10, 1988, the day the compromise agreement was signed.)
2. That payment of the second $58,000 would be personally guaranteed by Sherman, O'Brien, and the Silver and Blue Club.
3. That the university would retract the public firing.
4. That the university would provide Tolis a good recommendation to help him secure future employment at another university.
5. That Tolis would resign his position after the public retraction.
6. That the written agreement would be considered a simulation if the oral agreement was breached.
7. That the plaintiffs could keep the $58,000 check tendered by the Silver and Blue Club on the day the compromise agreement was signed, if the defendants did not perform their obligations under the oral agreement.
The plaintiffs claim that they should be allowed to present parol evidence to prove the above terms of the alleged oral agreement. Specifically, the plaintiffs want to introduce a tape recording of a conversation between themselves, their attorneys, and Sherman made the day the compromise agreement was signed, as well as depositions given by Sherman and by William Quigley, who was the plaintiffs' attorney at the time the compromise agreement was signed. They contend that this evidence proves the existence of the oral agreement.
Examination of the documents the plaintiffs wish to present reveals that the plaintiffs were told that they would be free to file suit should the defendants fail to pay the promised $58,000 timely. During the taped conversation, Quigley assured the plaintiffs several times in front of Sherman that they would be able to file the suit should the money not be paid. Additionally, Sherman himself acknowledged that promise at least once during the conversation. Furthermore, Sherman's deposition reveals that the parties did enter an oral agreement to pay the Tolises the second $58,000 by April 21, 1988. Sherman admitted that the money was never tendered until several weeks after the deadline.
Under the provisions of La.C.C. art. 3078, a transaction settling a dispute or compromise between parties has, between those parties, the same authority as things adjudged; thus, compromise agreements may not be attacked for error in law or for lesion. Thus, the parol evidence rule applies to compromise agreements. Smith v. Leger, 439 So.2d 1203, 1206 (La.App. 1st Cir.1983). The parol evidence rule provides that "the meaning and intent of the parties to a written contract ... must be sought within the four corners of the instrument and cannot be explained or contradicted by" outside evidence. Id. For that reason, a compromise agreement is generally considered res judicata on the issues covered. See La.C.C.P. art. 927; Watkins v. Sentry Insurance Co., 502 So.2d 1132, 1133 (La. App. 4th Cir.1987).
However, a study of the jurisprudence interpreting La.C.C. art. 3078 reveals several exceptions to the parol evidence rule as it applies to compromise agreements, which are applicable to the instant case. For the reasons discussed below, we hold that neither the parol evidence rule nor the provisions of La.C.C. art. 3078 bar the plaintiffs' claims in the instant suit.
First, the law considers that a settlement extends only to the claims which the parties to the agreement intended to *103 compromise. Cutrer v. Illinois Central Gulf Railroad Co., 581 So.2d 1013, 1018 (La.App. 1st Cir.1991). Thus, "only the differences which appear clearly to be comprehended in them by the intention of the parties" are regulated by transactions or compromises. Halford v. Dugas, 422 So.2d 693, 694 (La.App. 3d Cir.1982). The intent of the parties is a question of fact. Cutrer, 581 So.2d at 1018. The jurisprudence therefore recognizes an exception to the parol evidence rule "when there is a dispute between the parties as to exactly what matters were intended to be settled by the compromise agreement." Condoll v. Johns-Manville Sale Corp., 448 So.2d 169, 172 (La.App. 5th Cir.1984).
In this case, the compromise agreement in question provides that all the parties to the compromise desired to "be relieved of their duties, responsibilities, and obligations under said Contract of Employment." The purpose of the agreement was to settle the differences arising out of Tolis' employment by UNO as head basketball coach. By virtue of the express terms of the agreement, Tolis, with the consent of his wife, agreed to the following: never to commence, prosecute, cause, permit, assist in any way, or advise to be commenced any action or suit in any federal, state or local court or administrative proceeding, based on any claims, obligations or liabilities he may now have, ever has had, or hereafter may have by reason of any act or omission of the Board of Supervisors, U.N.O., and any employees, administrators, agents, independent contractors, faculty, alumni, students, athletic supporters, officers, directors, partners, affiliates, related entities, and attorneys of either the Board of Supervisors or U.N.O. occurring prior to the effective date of this Agreement.
(Emphasis added.) Thus, by the express terms of the agreement only claims growing out of actions or omissions occurring prior to April 10, 1988 are covered.
The plaintiffs in this case seek damages resulting from the defendants' alleged failure to fulfill the terms of an oral agreement which they claim was perfected in a conversation on April 10, 1988, the same day the written compromise agreement was signed. Since the agreement did not exist prior to the effective day of the subject written contract, any actions or omissions constituting a breach of that agreement obviously could not have occurred until after that date. In fact, the plaintiffs claim that the agreement was not breached until more than a year after the written agreement was signed, on April 21, 1989, when the defendants failed to timely tender the second half of the promised $116,000 payment. Therefore, the written compromise agreement at issue obviously was never intended by any of the parties to settle any dispute arising out of the oral agreement allegedly perfected on the same day the written agreement was signed.
Second, although compromise agreements may not be attacked for an error of law or lesion under the express terms of La.C.C. art. 3008, they "can be contested for errors in calculation, error in the person, fraud, violence or an error on the matter in dispute." Condoll, 448 So.2d at 172. Thus, plaintiffs are entitled to an opportunity to present parol evidence to prove error or fraud in response to an exception of res judicata based on the existence of a compromise agreement. Watkins, 502 So.2d at 1133.
In the instant case, the plaintiffs specifically allege that the defendants fraudulently induced their signature on the compromise agreement. Additionally, the plaintiffs claim that they signed the agreement under the impression, induced by the defendants, that the agreement would not bar them from bringing suit should the defendants fail to perform under the alleged oral agreement. Since the plaintiffs allege both fraud and error, they are entitled to present parol evidence on those issues.
Third, the defendants in the instant case admit that they entered an agreement to pay Tolis a total of $116,000. The defendants also admit that the second $58,000 payment was not tendered to Tolis until after the April 21, 1988 deadline. Therefore, the defendants concede both the existence of an agreement other than the one *104 memorialized by the written compromise and breach of that agreement. Further, the terms of the compromise agreement itself reveal that some kind of other agreement existed between the parties, since the agreement expressly states that the "parties hereto agree to keep the existence of, the terms of, and/or the circumstances leading to the consummation of this Agreement fully confidential." Additionally, the written agreement does not state that it constitutes the entirety of the agreement between the parties. Under these circumstances, strict adherence to the rule requiring that the meaning and intent of compromise agreements be sought within the four corners of the document itself would obviously make it impossible to determine the entire agreement between the parties. Since the written agreement actually makes reference to an ancillary oral agreement and the defendants admit that an ancillary agreement existed, the law requires that the plaintiffs be given an opportunity to prove the terms of the alleged oral agreement.
For the reasons discussed hereinabove, the defendants in the instant case were not entitled to judgment as a matter of law. The trial court judgment granting the motion for summary judgment on behalf of the individual defendants in the instant case was thus contrary to law and was therefore manifestly erroneous.
Because our conclusion that the defendants in this case were not entitled to judgment as a matter of law requires that the trial court judgment be reversed and that the case be remanded to the trial court for further proceedings, we pretermit discussion of the other issues briefed by the parties. We note specifically that the defendants' contentions that they cannot be personally liable for payment of the money promised to the Tolises because the alleged agreements were not committed to writing as required for suretyship agreements by La.C.C. art. 3038 has not been decided by the trial court and thus is not before this court at this time.

Conclusion
The judgment granting defendants' motion for summary judgment is reversed. The case is remanded for further proceedings in compliance with this opinion.
REVERSED AND REMANDED.