STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-644


STATE OF LOUISIANA, DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT

VERSUS

PAUL HENRY WAGNER


**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 34,960
HONORABLE J.P. MAUFFRAY, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and
Billy Howard Ezell, Judges.

AFFIRMED AS AMENDED.


Bernard L. Knobloch, Jr.
Attorney at Law
P. O. Box 94245
Baton Rouge, LA 70804-9245
(225) 237-1341
Counsel for Plaintiff/Appellant:
    State of Louisiana, Department
    of Transportation and Development

**R. Joseph Wilson**
**Donald R. Wilson**
**Attorneys at Law**
**P. O. Box 1346**
**Jena, LA 71342**
**(318) 992-2104**
**Counsel for Defendant/Appellee:**
**Paul Henry Wagner**

**DECUIR, Judge.**

In this expropriation case, a jury determined the amount of damages to be paid to Paul Henry Wagner by the Louisiana Department of Transportation and Development (DOTD) for the taking of Wagner's property in a road construction project. The $136,242.00 award consisted of $84,588.00 as the value of the property taken with improvements, and $51,654.00 in other economic losses. Wagner was also awarded attorney fees equal to 25% of $51,162.00, described in the judgment as "the difference between the amount awarded for compensation and the amount deposited into the Registry of Court." Both Wagner and DOTD have appealed the economic loss portion of the award, and Wagner requests an increase in attorney fees. For the following reasons, the judgment rendered below is amended as urged by Wagner, and as amended, is hereby affirmed.

Wagner was the owner of 2.465 acres of land located at the intersection of U.S. Highway 165 and U.S. Highway 84 in LaSalle Parish near the town of Tullos. On January 27, 2006, in connection with the widening and improvement of U.S. Highway 165, DOTD expropriated a portion of the land owned by Wagner. The taking consisted of 0.885 acres and included two gutted buildings, built decades ago as a gas station and restaurant, leased at the time of the taking for a future flea market. The remaining property, which Wagner had never developed since inheriting the tract in the 1980s, consisted of a wooded lot fronting U.S. Highway 165 and restricted in part by a sewage servitude.

Wagner testified that he hoped to build a modern gas station and convenience store on the property. He presented the testimony of Michael Wilson, who was qualified as an expert in the planning, construction, and operation of convenience stores, who opined that the highest and best use of the subject property is as a

convenience store due to several factors. The property is located at the only intersection of two U.S. highways in the parish, it is sixty miles along U.S. Highway 165 from the nearest similar facility, and it is the only corner at the intersection feasible for construction of such a facility. Wagner also presented the testimony of two experts who described the steps necessary to prepare the wooded, unimproved property for construction, including moving the sewage line, at a cost of nearly $130,000.00. In this appeal, Wagner does not ask the court to award damages for the construction of a new, modern building; rather, he requests an increase in damages to reflect the estimated cost of preparing his remaining tract for construction at his own expense. Mr. Shelby Loe, an expert contractor in the field of site preparation, estimated that cost at $129,291.50. Loe's testimony was unrefuted.

By contrast, DOTD's evidence consisted of estimates of the value of the property taken and severance damages, as well as a discussion of the lack of other economic damages. Severance damage is essentially the diminution in value of the landowner's remaining property after the taking of the subject property. The State's appraisers used different methods of calculating Wagner's loss and ultimately offered Wagner a total of $85,080.00, representing the value of the land and improvements thereto, plus severance damages. DOTD deposited that amount into the registry of the court at the time of the taking.

After considering the evidence presented, the jury awarded Wagner a portion of the damages he claimed, assessed at $51,654.00 for "other economic losses," a figure taken from Loe's testimony and listed as an itemized expense in the work he proposed. DOTD contends Wagner has not proved any economic losses, while

2

Wagner argues he is entitled to no less than $129,291.50, the full amount of Loe's proposed work.

In the recent case of *Lafayette City-Parish Consolidated Government v. Entergy Gulf States, Inc.,* 07-1065 (La.App. 3 Cir. 1/30/08), 975 So.2d 177, 181, *writ denied*, 08-685 (La. 5/16/08), 980 So.2d 712, this court discussed the standard of review in an expropriation case:

> The standard of appellate review of factual findings in a civil action is the manifest error/clearly wrong standard, and factual findings should not be reversed absent manifest error or unless they are clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the reviewing court may not reverse. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. *Id*.

An assessment of damages in an expropriation case must include consideration of the most profitable use to which the land can be put "by reason of its location, topography, and adaptability." *City of Shreveport v. Abe Meyer Corp.*, 219 La. 128, 52 So.2d 445, 447 (1951). The process of taking such factors into consideration is commonly known as the "highest and best use" doctrine. *Exxon Pipeline Co. v. Hill*, 00-2535 (La. 5/15/01), 788 So.2d 1154, 1160; *State, Dep't of Highways v. Rapier*, 246 La. 150, 164 So.2d 280 (1964). "It is well established that the current use of the property is presumed to be the highest and best use and the burden of overcoming that presumption by proving the existence of a different highest and best use based on a potential, future use is on the landowner. . . . The characteristics examined by the experts cannot be speculative and must consider the property in its use at the time of expropriation." *Exxon*, 788 So.2d at 1060-62.

3

The jury was presented with evidence showing that the highest and best use of the subject property was as a commercial site. Wagner testified as to his intention to build a gas station and convenience store on the property. Wagner explained that he had not upgraded to a new gas facility which complied with current laws because the road construction project had been discussed for a decade or more; he did not want to build a modern gas station only to have it torn down by DOTD a few years later. The jury also heard evidence regarding the need to incur expenses in moving the sewage line on the remainder property. Mr. Loe's testimony on that subject, as well as his written estimate of $129,291.50 in costs to properly prepare the property for construction, was uncontradicted by DOTD. Nevertheless, the jury quantified Wagner's economic loss in the adaptation of the remainder property to commercial use at $51,654.00, a figure taken from the testimony of Mr. Loe, but which specifically did not include the cost of moving the sewage line. Finding error in the jury's decision to award only part of the proven amount of damages, we increase the economic damages awarded to Wagner to $129,291.50.

In this appeal, Wagner also requests an increase in the amount of attorney fees awarded by the trial court, as well as additional attorney fees for work done pursuant to this appeal. As Wagner's appellate efforts have been successful, we find he is entitled to the relief sought. We hereby increase attorney fees to 25% of $129,291.50, and we award $5,000.00 for work performed pursuant to this appeal

For the above and foregoing reasons, the judgment of the trial court is amended so as to increase the award of damages to $129,291.50, increase the award of attorney fees to 25% of $129,291.50, and award $5,000.00 in additional fees for work done

4

on appeal.  As so amended, the judgment is hereby affirmed.  Costs of the appeal are assessed to DOTD, specified as $3,200.70.

**AFFIRMED AS AMENDED.**

5