38 So.3d 240 (2010)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
Paul Henry WAGNER.
No. 2010-C-0050.
Supreme Court of Louisiana.
May 28, 2010.
PER CURIAM.[*]
For the reasons stated below, we delete the portion of the Court of Appeal's opinion awarding $5,000 in attorneys fees to the defendant Paul Henry Wagner for work performed on appeal, State of Louisiana, Department of Transportation and Development v. Paul Henry Wagner, 09-644 (La.App. 3 Cir. 12/9/09), 25 So.3d 221. In all other aspects, we affirm as amended.
This is an expropriation case between the Louisiana Department of Transportation and Development (DOTD) and the defendant-property owner Paul Henry Wagner. In connection with a pending road project, the DOTD expropriated from Wagner a portion of property measuring 0.885 acres, and located at the intersection of U.S. Highway 165 and U.S. Highway 84 in LaSalle Parish. The DOTD deposited $85,080 as compensation into the registry of the District Court pursuant to La. R.S. 48:441 et seq. Wagner answered, arguing the amount deposited by the DOTD was insufficient.
At trial over the issue of compensation, the jury awarded Wagner $84,588 for the value of the property taken with improvements, along with $51,654 in other economic losses for a total of $136,242. Attorneys fees of 25% of $51,162 (the difference between the amount deposited and the ultimate award by the jury) were awarded to Wagner under the authorization of La. R.S. 48:453(E).[1]
*241 On cross-appeal, the Court of Appeal increased the other economic losses portion of the award to $129,291.50, increased the award for attorneys fees to 25% of $129,291.50, and ordered attorneys fees of $5,000 in favor of Wagner for work performed pursuant to the appeal.
Attorneys fees are not allowed except where authorized by contract or statute. Huddleston v. Bossier Bank and Trust Co., 475 So.2d 1082, 1085 (La.1985). The Court of Appeal erred in awarding $5,000 for work performed on appeal because such an award clearly exceeds La. R.S.48:453(E)'s absolute cap for attorneys fees as 25% of the difference between the amount deposited into the registry of the District Court and the award for damages.
AFFIRMED AS AMENDED.
VICTORY, J., concurs with the per curiam insofar as it grants some relief, but would issue a full grant on all issues.
NOTES
[*] Kimball, C.J., did not participate in the deliberation of this opinion.
[1] La. R.S. 48:453(E) provides as follows: Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed twenty-five percent of the difference between the award and the amount deposited in the registry of the court.