VICTORY, J.,
concurs in part and dissents in part.
hi concur in the portion of the majority opinion holding that the trial court abused its discretion in awarding general damages in this ease. However, I dissent from the portion of the majority opinion awarding special damages for loss of use of the insurance proceeds and attorney fees. Under La. C.C.P. art. 861, items of special damages must be specifically pled; here they were not. Further, attorney fees may not be awarded in the absence of a statutory or contractual basis. State, Dept. of Transp. & Development v. Wagner, 10-0050 (La.5/28/10), 38 So.3d 240; Huddleston v. Bossier Bank & Trust, 475 So.2d 1082, 1085 (La.1985); General Motors Acceptance Corp. v. Meyers, 385 So.2d 245 (La.1980). There was no statutory or contractual basis for an award of attorney fees in this case. Finally, loss of use of the insurance proceeds and the need to expend attorney fees to file suit for the proceeds was not the fault of Kennedy, Lewis, Ren-ton & Associates, Inc. (“KLR”), but was instead the fault of Citizens for failure to pay the proceeds. KLR sent follow-up requests on November 7, 2005, January 6, 2006, March 10, 2006, and May 8, 2006 regarding the policy coverage increase requested in August, 2005. At the time Citizens denied coverage for the increased limits on May 6, 2006, KLR had already provided them with all of KLR’s documentation regarding the increased coverage [¿request. In spite of this documentation, Citizens still took the position that it did not become aware of the request until November 18, 2005. Thus, the three-year delay in paying the claim was the fault of Citizens, not KLR. Accordingly, I respectfully concur in part and dissent in part.