Judgment rendered November 19, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,475-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *


PAMELA DUNLAP                                    Plaintiff-Appellant

versus

COMMUNITY BANK OF                               Defendant-Appellee
LOUISIANA

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 83,713

Honorable Amy Burford McCartney, Judge

* * * * *

COLVIN, SMITH, MCKAY & BAYS              Counsel for Appellant
By: James H. Colvin, Jr.
    J. Clayton Caraway


THE COHN LAW FIRM, LLC                    Counsel for Appellee
By: David M. Cohn
    Bartley P. Bourgeois


* * * * *

Before PITMAN, THOMPSON, and ROBINSON, JJ.

**THOMPSON, J.**

Pamela Dunlap ("Dunlap") and Community Bank of Louisiana ("the Bank") return in their ongoing dispute of funds held by the Bank, this time over the availability and amount of the award to the Bank of attorney fees and court costs. The underlying dispute between Dunlap and the Bank over ownership of funds was resolved in *Dunlap v. Cmty. Bank of La.,* 55,695 (La. App. 2 Cir. 06/05/24), 387 So. 3d 952). Subsequently, the Bank sought to recover contractual attorney fees arising from the dispute, which the trial court awarded in part. Dunlap appealed, arguing that the claim was not properly pled or reserved below, and that the claim is barred by *res judicata.* The Bank answered the appeal, claiming entitlement to the full amount of attorney fees incurred. For reasons more fully detailed below, we affirm the trial court's award of attorney fees, reject increasing the previous award of attorney fees, but do award additional attorney fees to the Bank in the amount of $7,500 arising from Dunlap's appeals.

## FACTS AND PROCEDURAL HISTORY

Pamela Dunlap alleges she and her father visited the Gloster branch of the Bank on March 4, 2021, because it was her father's intention to donate to Dunlap over one million dollars held in his money market deposit account and four certificate of deposit accounts with the Bank. She alleges they communicated to the Bank their desire for her father to add her as an owner to the accounts and to donate those funds to her, or, alternatively, to create a transfer of the accounts upon her father's death to Dunlap. After the death of her father Dunlap filed a petition against the Bank, alleging, among other things, that the Bank failed to set up, advise, or ensure that her father fully

and legally donated the sums in the accounts to her. Dunlap alleged that the Bank's negligent misrepresentations during her prior visit breached the duty owed to her by the Bank.

In response, the Bank filed its first exception of no cause of action, which was sustained by the trial court.[1] The trial court provided Dunlap with the opportunity to amend her petition, and Dunlap filed a second supplemental and restated petition. In response the Bank filed its second exception of no cause of action. In its second exception of no cause of action, the Bank expressly reserved any claim it may have to attorney fees as follows:

> Community Bank therefore respectfully prays that this Court: […] reserve unto Community Bank any and all claims and rights it has against Plaintiff and/or other parties in interest, including without limitation: 2) Community Bank's claim for attorneys' fees and expenses in connection with this proceeding and related proceedings [.]

The Bank's reservation was repeated in its memorandum in support of the peremptory exception.

After a hearing on the second peremptory exception,[2] the trial court sustained the exception and dismissed Dunlap's lawsuit with prejudice. It is from that final judgment that Dunlap previously filed a devolutive appeal before this court. *See Dunlap, supra.* In that appeal,[3] this Court affirmed the trial court's grant of the Bank's exception of no cause of action dismissing this case with prejudice. The judgment[4] from the trial court

---

[1] March 4, 2023
[2] August 17, 2023
[3] June 5, 2024
[4] August 17, 2023

sustaining the exception did not mention attorney fees, and this Court did not address the issue in that appeal.

While the first appeal was pending and before this Court's final judgment was issued, the Bank filed[5] in the trial court a "motion to set attorney fees and tax costs," pursuant to La. C. C. P. art. 2088. Introduced as evidence at the hearing[6] on that motion was the Account Agreement incorporated in the documents signed by Dunlap and her father when they originally visited the bank in March 2021, adding Dunlap to his accounts. The pertinent Account Agreement contains a clause stating:

> **ATTORNEYS' FEES AND EXPENSES.** You agree to be liable to us for any loss, costs or expenses, including reasonable attorneys' fees to the extent permitted by law, that we incur as a result of any dispute involving your account, and you authorize us to deduct any such loss, costs or expense from your account without prior notice to you. This obligation includes disputes between yourself and us involving the account and situations where we become involved in disputes between you and an authorized signer, another joint owner, or a third party claiming an interest in the account. It also includes situations where you, an authorized signer, another joint owner, or a third party takes action with respect to the account that causes us, in good faith, to seek the advice of counsel, whether or not we actually become involved in a dispute.

Dunlap and her father's signatures appear on the separate Account Information documents, that contain express acknowledgements of their receipt of the Account Agreement and other disclosures, as indicated below:

---

[5] February 29, 2024
[6] December 16, 2024

3

ACKNOWLEDGMENT. By signing this document, you acknowledge that you have opened the type of account designated above. The undersigned certify that all information provided to the Bank is true and accurate. All signers authorize this Bank to make inquiries from any consumer reporting agency, including a check protection service, in connection with this account. You also acknowledge that you have requested a change to your account and the terms of the Account Agreement and the Disclosures related to your existing account have been revised in their entirety effective on March 4, 2021.

Your signature acknowledges the receipt of the appropriate Account Agreement for the type of account designated above and that you agree to be bound by the Account Agreement. As you are named on your account with another person or persons, you acknowledge that you have been provided with and understand the terms relating to accounts with multiple account owners in general, and to your account in particular, as stated in the Account Agreement. You acknowledge that you have received the following document(s):
- Substitute Check Policy Disclosure
- Electronic Fund Transfer Disclosure
- Truth In Savings Disclosure
- Privacy Policy (if a copy was not previously provided to you)

One Signer Required for Withdrawals



ROBERT E LEE     Date      PAMELA LEE DUNLAP    Date
Account Owner                Account Owner

The Bank sought recovery of its attorney fees incurred totaling $133,915.35 in responding to Dunlap's petition. Following the hearing and introduction of testimony and evidence, the trial court ruled that Dunlap did owe contractual attorney fees to the Bank and set the amount of attorney fees at $60,000 plus court costs in the amount of $896.09.

Dunlap now appeals this award and the amount of attorney fees. Dunlap also filed an exception of *res judicata*, arguing that because the merits of the matter have been litigated, and the final judgment from the trial court in the earlier appeal is silent as to attorney fees, the Bank failed to properly plead the issue, and it is therefore barred. The Bank filed an answer to this appeal, arguing that the trial court failed to award the full amount of attorney fees incurred, and requests additional attorney fees and costs be awarded for this second appeal

## DISCUSSION

Dunlap asserts several assignments of error. We will focus first on those related to the award and amount of attorney fees imposed, which include:

**Assignment of Error No. 1: The trial court erred in considering whether contractual attorney fees were owed, when such a claim was never pleaded by the Bank prior to the August 24, 2023 final judgment dismissing this case with prejudice.**

4

**Assignment of Error Number 2: The trial court erred in considering the issue of attorney fees when the issue of attorney fees was not awarded by or reserved in the August 24, 2023 final judgment dismissing this case with prejudice.**

**Assignment of Error Number 4: The trial court erred in awarding contractual attorney fees because Dunlap never signed a contract nor verbally agreed to pay the Bank such fees.**

**Assignment of Error Number 5: The trial court erred in awarding contractual attorney fees because the attorney fees clause contained in the unsigned account agreement does not apply to suits involving tort-based recovery.**

**Assignment of Error Number 6: The trial court erred in resolving a substantive claim to attorney fees by use of a summary proceeding, instead of a trial on the merits before a jury.**

Dunlap argues that the Bank failed to join the issue of contractual attorney fees prior to the final judgment, which dismissed the case with prejudice. Dunlap asserts that the Bank could have properly pled and filed its attorney fees claim at any time before the final judgment, and that the issue of attorney fees was not properly reserved by the Bank or referenced in the final judgment dismissing the case. Dunlap has asserted an exception of *res judicata,* arguing the claim is barred because a final judgment has issued, and the issue of attorney fees was not properly raised during the pending litigation. Dunlap further argues that the evidence from the hearing on the motion to set attorney fees improperly expanded the pleadings because the attorney fee issue was not previously raised.

Dunlap also argues that La. C. C. P. art. 2088 may not be used to assert and fully adjudicate a wholly new, substantive cause of action for attorney fees that was not pleaded or awarded prior to final judgment dismissing the suit. La. C.C.P. art. 2088 provides that trial courts are divested of jurisdiction over cases once the appeal was granted. She asserts

5

that La. C. C. P. art. 2088 merely provides that *if* attorney fees are awarded by a final judgment, then the trial court maintains jurisdiction to quantify those attorney fees that were awarded while the appeal is pending. Dunlap asserts that because the final judgment is silent as to attorney fees, the issue was not properly pled by the Bank and should be barred, and that the trial court is divested of jurisdiction to take any action in awarding attorney fees. Dunlap also argues that the underlying action in this case is a tort claim against the bank, not a contract case or a case over ownership of the accounts, and thus, the recovery of attorney fees is not provided for by contract in the Account Agreement. Dunlap argues she is seeking damages, and this is not a dispute regarding her account.

Dunlap is effectively asserting it was the intention of her and her father for the visit to the Bank to add her to his accounts as an estate planning tool. Estate planning is more appropriately delegated to legal counsel in the drafting of wills, trusts, and acts of donation. Dunlap's assertions that the "intention" of the visit to the Bank were somehow bumbled may sound in an action for legal malpractice, but for the fact that Dunlap and her father bypassed legal counsel in the process of addressing these assets of more than one million dollars. Their claims regarding the accounts trigger the provisions of the Account Agreement regarding the Bank's right to recover its reasonable attorney fees, and the Bank and its employees are not held to any legal malpractice standard or similar avenue for recovery for any impact it may have had on the alleged estate plans intended by Dunlap and her father.

<u>Res Judicata</u>

Louisiana Revised Statutes 13:4231, which sets forth the doctrine of res judicata, provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Simply put, *res judicata* bars re-litigation of a subject matter arising from the same transaction or occurrence of a previous suit. Therefore, the court must determine whether the second action asserts a cause of action that arises from the same transaction or occurrence as the subject matter of the first action. *Newburger v. Orkin, L.L.C.*, 20-534 (La. App. 3 Cir. 5/5/21), 320 So. 3d 465, *writ denied*, 21-00782 (La. 10/1/21), 324 So. 3d 1061. *Diamond B Constr. Co., Inc. v. Dep't. of Transp. & Dev.*, 02-0573 (La. App. 1 Cir. 2/14/03), 845 So. 2d 429.

<u>Attorney Fees</u>

As a rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. *State v. Wagner*, 10-0050 (La. 5/28/10), 38 So. 3d 240; *Quinlan v. Sugar-Gold*, 53,348 (La. App. 2

Cir. 3/11/20), 293 So. 3d 722. Dunlap suggests that language unilaterally authorizing the bank to recover attorney fees, which is buried in pages of bank documents a customer receives when a new bank account is opened, should not be elevated to contractual status. Dunlap argues that unlike situations in which the parties to an agreement must acknowledge particular waivers of rights or creation of obligations, the Bank simply embedded in its documents what some may consider completely one-sided and onerous provisions, allowing only the Bank to recover its attorney fees in disputes, even if the Bank was unsuccessful.

While the content and placement of lopsided provisions permitting the Bank to recover its attorney fees may be an important consideration in deciding to do business with it, there is no doubt the disclosure in its entirety was provided to Dunlap and she signed the forms acknowledging receipt of same. Signatures are not mere ornaments. *Tweedel v. Brasseaux*, 433 So.2d 133 (La. 1983). A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it. *Smith v. Leger*, 439 So.2d 1203 (La. App. 1 Cir.1983). Dunlap is deemed to have read and understood those provisions. The banking relationship established and agreed to by Dunlap was one where she had the option of researching and seeking other commercially available alternatives with less onerous conditions if she so chose. Dunlap elected not to do so, signed the forms, and is held to their terms.

When it comes to awarding and fixing the amount of attorney fees, courts may inquire into the reasonableness of attorney fees as part of their

8

inherent authority to regulate the practice of law, regardless of the language of the statutory authorization or the method employed by the trial court in fixing the award. *Smith v. State*, 04-1317 (La. 3/11/05), 899 So. 2d 516; *Brightwell v. City of Shreveport*, 54,824 (La. App. 2 Cir. 2/8/23), 356 So. 3d 586, and citations therein. Factors to consider in assessing the reasonableness of a fee include (1) the ultimate result obtained, (2) the responsibility incurred, (3) the importance of the litigation, (4) the amount of money involved, (5) the extent and character of the work performed, (6) the legal knowledge, attainment, and skill of the attorneys, (7) the number of appearances involved, (8) the intricacies of the facts involved, (9) the diligence and skill of counsel, and (10) the court's own knowledge. *State v. Williamson*, 597 So. 2d 439 (La. 1992); *Quinlan v. Sugar-Gold, supra*. The appellate court reviews an award of attorney fees for an abuse of discretion. *Covington v. McNeese State Univ.*, 12-2182 (La. 5/7/13), 118 So. 3d 343; *Quinlan v. Sugar-Gold, supra*.

La. C. C. P. art. 2088 provides, in pertinent part, with emphasis added:

> A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal, or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to do any of the following:
>
> ***
>
> 10. Set and tax costs, expert witness fees, **and attorney fees.**

9

La. C. C. P. art. 2592 provides, in pertinent part, that summary proceedings may be used for trial or disposition of the following matters only:

(1) An incidental question arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney fees.

In response to Dunlap's arguments, the Bank asserts that Dunlap is contractually liable to the bank for its costs and attorney fees associated with the defense of this lawsuit. The Bank argues that the executed signature cards and Account Agreements provide clear terms and conditions, which specifically provide for attorney fees in this case. We agree.

The Bank is entitled to its attorney fees and costs based on the contract that Dunlap signed, not simply because it prevailed in the lawsuit below. With the issue of a right to recover attorney fees addressed, the next consideration is whether the Bank properly reserved the right to enforce those provisions or whether the right was lost as the judgment sustaining the exception and judgment from this court on subsequent appeal remain silent on that specific topic.

We find the Bank successfully reserved its right to recover attorney fees and costs associated with the lawsuit in the peremptory exceptions it filed in this matter. Importantly, in both its first and second exception of no cause of action and supporting memoranda, the Bank specifically stated that it reserved "any and all claims and rights it has against Plaintiff and/or other parties in interest, including without limitation, a) Bank's claim for attorneys' fees and expenses in connection with this proceeding and related

10

proceedings." There was no challenge asserted by Dunlap to that assertion beforehand.

La. C. C. P. art. 2088 provides the proper procedural device to determine attorney fees and costs. Additionally, pursuant to La. C. C. P. art. 2592, the use of summary proceedings was appropriate in this matter, as it was used to address incidental questions arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney fees.

The nature of the hearings on the exceptions of no cause of action, which allow no evidence and are based solely on the pleadings, prevented the Bank from specifically arguing its claim for attorney fees when the trial court was considering the merits of its peremptory exception. Though there was a final judgment from the trial court on the merits of the peremptory exception, a final judgment had not issued from this Court in the lawsuit. Therefore, the trial court retained jurisdiction of the attorney fee issue, and the motion was properly filed in the trial court while the appeal was still pending.

We also find that *res judicata* does not apply in this instance. Because the issue of attorney fees was specifically reserved for later litigation, the trial court's final judgment did not have the effect of barring the Bank's claims regarding attorney fees. The claims were properly reserved by the only available vehicle to do so, and then properly raised by the motion to tax costs and fix attorney fees, in accordance with La. C. C. P. art. 2088 after the exception had been ruled on by the trial court. The Bank did not seek to amend the August 24, 2023, final judgment from the trial court; rather, it

11

sought to determine and assess attorney fees in the trial court, which retained jurisdiction of that issue. Accordingly, we find assignments of error 1, 2, 4, 5, and 6 are without merit.

**Assignment of Error Number 3**: **The trial court erred in overruling all of Dunlap's many objections to the admissibility of evidence in connection with contractual attorney fees at the December 16, 2024, hearing.**

Dunlap argues that the Account Agreements and other disclosures containing the attorney fee provision were not authenticated documents and should not have been allowed to be introduced as evidence at the hearing on the issue of attorney fees. She also points out that those Account Agreements and disclosures were not individually signed by anyone. Dunlap has not, however, pointed to any law or jurisprudence which requires individual or authenticated signatures on each page of incorporated and referenced provisions of an agreement.

The trial court is granted broad discretion in its evidentiary rulings, which will not be disturbed on appeal absent a clear abuse of discretion. *Fields v. Walpole Tire Serv., LLC*, 45,206 (La. App. 2 Cir. 5/19/10), 37 So. 3d 549, *writ denied*, 10-1430 (La. 10/1/10), 45 So. 3d 1097. At trial, a party must make a timely objection to evidence that party considers to be inadmissible and must state the specific ground for the objection. La. C.E. art. 103(A)(1); La. C.C.P. art. 1635. On appeal, this court must consider whether the complained of ruling was erroneous and whether the error affected a substantial right of the party. *Fields*, *supra*. The determination is whether the error, when compared to the record in its entirety, has a substantial effect on the outcome of the case, and it is the complainant's burden to so prove. If there is no substantial effect on the outcome, then a

12

reversal is not warranted. *Fields*, *supra*; *Crisler v. Paige One, Inc.*, 42,563 (La. App. 2 Cir. 1/9/08), 974 So. 2d 125.

We find that the trial court correctly overruled Dunlap's objections to the evidence concerning attorney fees at the hearing on its attorney fees motion. The record contains copies of the Account Agreement, as well as the acknowledgement page containing Dunlap's signature. As reproduced and noted above, the acknowledgment page that Dunlap signed specifically states she received the Account Agreement, which clearly provides for attorney fees in any dispute with the Bank regarding her account. We find that the trial court acted properly, within its broad discretion, in determining that the Account Agreements were properly admitted as evidence and permitting the testimony of bank employees on the topic. Accordingly, this assignment of error is without merit.

**Assignment of Error Number 7: The trial court's award of $60,000 in attorneys' fees was excessive, as this case was dismissed by exception of no cause of action and did not involve any discovery, written or otherwise.**

Finally, Dunlap argues the attorney fee of $60,000 is excessive, asserting the litigation included only two exceptions of no cause of action, and did not involve the introduction of evidence or any discovery. The Bank argues that the attorney fee award is not excessive, because the matter involved claims against a financial institution based on negligence and contract, and involves intricate factual details that needed to be addressed with extensive research and considerable skill. The Bank also argues that the matter came before this Court in the prior appeal, requiring extensive briefing and oral arguments in both appearances before this court concerning this matter. The Bank asserts that it proved over $133,915.35 in attorney

fees that were incurred, from a lawsuit where Dunlap sought over $1,000,000.00 from the Bank in the accounts at issue.

The trial court, in balancing the necessary experience and expertise with the complexity and breadth of issues addressed, determined a reasonable attorney fee award would be $60,000. We find that the trial court's award of $60,000 in attorney fees was neither excessively high nor abusively low. The trial court, following a detailed hearing, considered the issue and amount in reaching its final award of attorney fees and was not manifestly erroneous in reaching its conclusions. As such, Dunlap's final assignment of error is likewise without merit.

The Bank seeks to have the original attorney fee award increased to $133,915.35, and requests additional attorney fees necessitated by this appeal. The same rationale in reviewing the attorney fee award and denying Dunlap's request to reduce those fees applies to the analysis of the Bank's request to increase the attorney fee award. After a thorough review of the record, we conclude the trial court did not abuse its wide discretion in fixing the original attorney fee award of $60,000, and denying the Bank's request for an increase on that awarded below. We do, however, find the Bank is entitled to an additional attorney fee for this appeal in the amount of $7,500, plus all costs.

## CONCLUSION

The trial court's ruling awarding attorney fees in the amount of $60,000 and costs in the amount of $896.00 is affirmed. Additionally, we award an attorney fee of $7,500 for the necessary work on appeal by

appellees' counsel.  Costs of this appeal are assessed to appellant, Pamela

Dunlap.

**AFFIRMED.**